BARHAM, Justice.
 

 This is an action ex delicto for damages for injuries the plaintiff received when she tripped and fell over a metal ladder lying on the ground. The plaintiff, Celeste Hill, was working as a maid and babysitter for one of the defendants, Mrs. Rosemary -De
 
 *545
 
 louise, when the accident happened, and the ladder over which she tripped had been left on the Delouise premises by the other defendant, Lundin & Associates, Inc., a home repair contractor. Mrs. Delouise had employed Lundin to repair damage to her house caused by Hurricane Betsy. Because of the unusual number of repair jobs necessitated by hurricane damage, the urgency of making repairs immediately so that further damage would not result, and the shortage of equipment and men, Lundin organized his contracts for maximum speed and efficiency. The materials and equipment were delivered to the various job sites by truck, the repairmen for a particular job came at the first opportunity in automobiles, and after completion of a job a company truck returned when possible to pick up the equipment and any materials left over.
 

 After the repairs to the Delouise house had been finished, among Lundin’s property remaining on the premises was a metal ladder left standing in an upright position against the side of the house. At some time before the accident, which occurred a few days after completion, someone (not an employee of the defendant Lundin) moved the ladder and laid it in the yard. The plaintiff was well aware of the position of the ladder on the ground. On the day Of the accident she was caring for the youngest Delouise child, who was two or three years old, and doing the family wash. She left the house through the back door to hang the wash on the clothesline in the yard. Going from the back door to the clothesline, the plaintiff had to walk past the ladder, which she observed lying on the ground. As she was hanging up the wash, she heard the door of the house slam, and turned and saw the young child running to her, directly toward the ladder. Hurrying in his direction to stop him from falling over the ladder, she tripped on the ladder, fell, and was hurt.
 

 The plaintiff brought this suit against Mrs. Delouise, her employer, and Lundin, the contractor, alleging the negligence of both. Both defendants in answer denied negligence and alternatively pleaded the contributory negligence of the plaintiff. The trial judge found Mrs. Delouise free from negligence and, pretermitting the question of Lundin’s negligence, held that the contributory negligence of the plaintiff barred her recovery from that defendant.
 

 On the plaintiff’s appeal from these adverse holdings, the appellate court affirmed the finding of the trial court that Mrs. Delouise was not negligent but reversed the decision of that court as to the plaintiff’s claim against Lundin. See 243 So.2d 121. The following is the Court of Appeal’s total finding of negligence of Lundin: “ * * * We find that Lundin & Associates, Inc. was negligent
 
 in leaving this ladder on the job site, unattended,
 
 for two or three days after the work had been
 
 *547
 
 completed,
 
 where it was foreseeable that someone could be injured by the ladder.
 
 * * * ” (Emphasis supplied.) The appellate court then applied the so-called “momentary forgetfulness” doctrine to excuse the plaintiff’s conduct which otherwise would have constituted contributory negligence.
 

 Only the defendant Lundin applied for writs. Therefore the denial of plaintiff’s claim against Mrs. Delouise is final, and the sole issue before us is the question of Lundin’s liability to the plaintiff. We are of the opinion that the plaintiff has failed to establish actionable negligence on Lundin’s part, and we reverse.
 
 [1]
 

 The accident in this case occurred because the plaintiff fell over a ladder lying on the ground. We first inquire whether any causal relationship existed between the harm to the plaintiff and the defendant’s allegedly negligent conduct. If the defendant had not left the ladder on the premises, it could not have later been placed on the ground in the yard. To this extent it may be said that the defendant’s act had something to do with the harm.
 

 However, if the defendant’s conduct of which the plaintiff complains is a cause in fact of the harm, we are then required in a determination of negligence to ascertain whether the defendant breached a legal duty imposed to protect against the particular risk involved. Pierre v. Allstate Ins. Co., 257 La. 471, 242 So.2d 821; Green, Duties, Risks, Causation Doctrines, 41 Tex. L.Rev. 42 (1962); Green, The Causal Relation Issue in Negligence Law, 60 Mich.L.Rev. 543 (1962).
 

 The Court of Appeal’s holding implies that a ladder is a dangerous instrumentality or that simply leaving a ladder' unattended is negligence per se. We reject this reasoning as being totally unsound in law. It is only that conduct which creates an appreciable range of risk for causing harm that is prohibited. Leaving a ladder unattended rtnder certain conditions may create an unreasonable risk of harm to others which would impose a reciprocal duty upon the actor. If we assume that the defendant was under a duty not to leave the ladder leaning against the house because of an unreasonable risk of harm, the breach of that duty does not necessarily give rise to liability in this case. Although the defendant would owe a duty to protect certain persons under certain circumstances from this risk, it is not an insurer against every risk of harm which is encountered in connection with the ladder.
 

 Here a third party had moved the ladder to the ground, and the plaintiff was injured as she sought to prevent the child
 
 *549
 
 from tripping on the ladder. The basic question, then, is whether the risk of injury from a ladder lying on the ground, produced by a combination of defendant’s act and that of a third party, is within the scope of protection of a rule of law which would prohibit leaving a ladder leaning against the house.
 

 Foreseeability is not always a reliable guide, and certainly it is not the only criterion for determining whether there is a duty-risk relationship. Just because a risk may foreseeably arise by reason of conduct, it is not necessarily within the scope of the duty owed because of that conduct.
 
 [2]
 
 Neither are all risks excluded from the scope of duty simply because they are unforeseeable.
 
 [3]
 
 The ease of association of the injury with the rule relied upon, however, is always a proper inquiry. Prosser, Law of Torts (3rd ed. 1964), 282 ff.
 

 Where the rule of law upon which a plaintiff relies for imposing a duty is based upon a statute, the court attempts to interpret legislative intent as to the risk contemplated by the legal duty, which is often a resort to the court’s own judgment of the scope of protection intended by the Legislature. Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 137 So.2d 298; Pierre v. Allstate Ins. Co., supra. Where the rule of law is jurisprudential and the court is without the aid of legislative intent, the process of determining the risk encompassed within the rule of law is nevertheless similar. Malone, Ruminations on Dixie Drive It Yourself, 30 La. L.Rev. 363 (1970); McDonald, Proximate Cause in Louisiana, 16 La.L.Rev. 391 (1956). The same policy considerations which would motivate a legislative body to impose duties to protect from certain risks are applied by the court in making its determination. “All rules of conduct, irrespective of whether they are the product of a legislature or are a part of the fabric of the court-made law of negligence, exist for purposes. They are designed to protect
 
 some
 
 persons under
 
 some
 
 circumstances against
 
 some
 
 risks. Seldom does a rule protect every victim against every risk that may befall him, merely because it is shown that the violation of the rule played a part in producing the injury. The task of defining the proper reach or thrust of a rule in its policy aspects is one that must be undertaken by the court in each case as it arises. How appropriate is the rule to the facts of this controversy? This is a question that the court cannot escape.” Ma
 
 *551
 
 lone, Ruminations on Cause-In-Fact, 9 Stanford L.Rev. 60, 73 (1956).
 

 This defendant’s alleged misconduct, its alleged breach of duty, was in leaving the ladder leaning against the house unattended. The risk encountered by the plaintiff which caused her harm was the ladder lying on the ground where it was placed by another, over which she tripped as she moved to protect the child. The record is devoid of any evidence tending to establish that the defendant could have reasonably anticipated that a third person would move the ladder and put it in the position which created this risk, or that such a “naked possibility” was an unreasonable risk of harm. Lanza Enterprises; Inc., v. Continental Insurance Co., 129 So. 2d 91 (La.App. 3rd Cir. 1961), writs refused.
 

 A rule of law which would impose a duty upon one not to leave a ladder standing against a house does not encompass the risk here encountered. We are of the opinion that the defendant was under no duty to protect this plaintiff from the risk which gave rise to her injuries. The plaintiff has failed to establish legal and actionable negligence on the part of the defendant.
 

 The judgment of the Court of Appeal is reversed, and plaintiff’s suit is dismissed at her. costs.
 

 McCALEB, C. J., concurs in the result.
 

 [1]
 

 . Under this holding we must pretermit any discussion of the application of the momentary forgetfulness and rescue doctrines as a bar to contributory negligence.
 

 [2]
 

 . See Cappel v. Pierson, 15 La.App. 524, 132 So. 391 (2nd Cir. 1931). See also cases involving fire spread as a result of a railroad’s using flame to keep its right of way clean.
 

 [3]
 

 . Chavers v. A. R. Blossman, Inc., 45 So.2d 398 (La.App., 1st Cir. 1950); Lynch v. Fisher, 41 So.2d 692 (La.App., 2nd Cir. 1949).