LEMMON, Judge.
New Orleans Public Belt Railroad has appealed from a judgment in favor of Rosario J. Centanni for property damage to his automobile.
Centanni was employed by the New Orleans Stevedores at the Port of Embarkation in the City of New Orleans. While he was at work at about 11:00 A.M. on June 20, 1969, his automobile was struck by a railroad car. Damage to the vehicle was stipulated at $1,266.80.
In the area of the collision a railroad track near the Mississippi River passed between the wharf and the main building. Before 8:00 each morning a bridge connecting the wharf and the building was lowered and generally was not raised until 4:45 in the afternoon. During the day the bridge was used to move materials from the building to the wharf, or vice versa. There was ordinarily no movement on the railroad except at night.
Adjacent to the building was an asphalt surfaced parking lot, which had designated parking spaces marked with yellow lines parallel to the tracks and perpendicular to the building. The asphalt did not extend all the way to the track, but between the parking space nearest the track and the track itself, there was room for one car. *731 It was here that Centanni parked his ve-hide on the day of the accident, with his car about one to one and a half feet from the rail. While his right wheels were on the asphalt, he admitted that there was not room for a boxcar to pass on the track.
However, the evidence was uncontradict-ed that cars were often parked alongside or even on the railroad track, especially when a number of ships were in port and all marked parking spaces were occupied. Whenever on rare occasions it was necessary to raise the bridge to allow the passage of rail traffic, the engineer was contacted to raise the bridge and the car owners were called over the public address system or by the guard on duty to move their cars. Of the two stevedores who testified, one had never seen the bridge raised during the day and the other had only observed this twice in five years.
Centanni had worked at this location for 14 years. He often parked on or alongside the track, as did many others, and he had never been told not to park there. He verified the custom that owners of cars parked on the track were notified on the infrequent occasions that the railroad company requested the raising of the bridge during the day. On one occasion that he worked after 5:00 P.M., he was called by the guard to move his car from the track when the railroad desired to use the track after the bridge had been raised.
On the day of the accident defendant was switching cars in the general area. In a maneuver called a “flying switch”, two cars had been uncoupled from the switch engine and were rolling in the direction of the bridge. A switchman on the cars applied the brakes, which failed to hold. The cars continued to roll and struck plaintiff’s car and eventually struck the bridge.
Uncontradicted testimony indicated that daytime switching was not generally done on the through track, but was restricted to the other five tracks which ended at a mud embankment, about six feet high, some distance from the bridge.
The-trial court held that the malfunctioning of the brakes on the defendant’s railroad car was the proximate cause of the accident. On appeal, defendant’s negligence is apparently conceded, but defendant contends that Centanni was contribu-torily negligent by parking on or too near to the railroad track in violation of the reasonable standard of care and of Section 38-239 (a) (8) [1] of the general ordinances of the City.
The ordinance by its terms regulates parking near a railroad crossing or on a street, and since the parking occurred upon private property, the ordinance is inapplicable. We must therefore look to the reasonableness of Centanni’s parking where he did in order to determine whether or not this action constituted negligence.
Under ordinary circumstances a person who knowingly parks his vehicle upon railroad tracks exposes his property to the dangers inherent in this action. Since railroad traffic can follow no route other than the tracks, the person who parks on the tracks creates a dangerous situation.
However, tracks known to be out of use do not offer any present danger to the person parking his vehicle thereon. It is only that conduct which creates an appreciable range of risk for causing harm that is prohibited. Hill v. Lundin & Assoc., Inc., La., 256 So.2d 620 (1972). Under the circumstances presented in this case, Centanni’s parking on tracks, which *732 were not used during the day when the bridge was down, was not unreasonable conduct on his part.
Furthermore, defendant not only knew of the practice of parking on the tracks during the day, but also, on the rare occasions that the track had to be used, notified the guard so that the cars could be moved. Having consented by acquiescence to the parking on or near its tracks during the hours of non-use, defendant cannot now be heard to contend that Centanni’s action was negligence which combined with its own negligence to produce this accident.
Accordingly, the judgment of the trial court is affirmed.
Affirmed.

. The ordinance reads in pertinent part:
“No person shall stop, stand or park a vehicle or other conveyance, except when necessary to avoid conflict with other traffic or in compliance with the law or directions of a police officer or traffic controlled device, at any of the following places:
“ * * * (8) within fifty (50') feet of the nearest rail of a railroad crossing or upon any street within five (5') feet of the nearest rail of any railroad spur or service track.” (Emphasis supplied.)