316 So.2d 402 (1975)
Dillard LEE, Plaintiff-Appellant,
v.
Drouet W. VIDRINE, d/b/a U-Wash-It, Defendant-Appellee.
No. 5096.
Court of Appeal of Louisiana, Third Circuit.
July 30, 1975.
Dubuisson, Brinkhaus, Guglielmo & Dauzat by Jimmy L. Dauzat and Edward B. Dubuisson, Opelousas, for plaintiff-appellant.
J. William Pucheu, Ville Platte, for defendant-appellee.
Before FRUGE, DOMENGEAUX and WATSON, JJ.
*403 WATSON, Judge.
This is an action in tort to recover damages for injuries that plaintiff alleges he sustained in defendant's carwash. From a judgment in favor of defendant, holding defendant not negligent, plaintiff appeals.
The plaintiff is Dillard Lee, a 46-year-old male who has no education and is unable to read or write. The defendant is Drouet Vidrine, who was doing business as U-Wash-It, the owner of a carwash situated on the Tate Cove Road near Ville Platte, Louisiana.
Plaintiff alleges that he was injured on July 4, 1971, when he went to the carwash for the purpose of washing his automobile.
The evidence reveals that the carwash had three stalls. Each stall was equipped with a flexible hose, equipped with a metal sprayer apparatus on the end. When not in use the sprayer apparatus was to be deposited in a holder also located in the stall.
Also on the premises, although the record does not specify exactly where, was a sign which was introduced into evidence as D-2. This sign indicated that the charge for using the device was 25¢ per five minutes. It contained a switch for a selection of wash or rinse and the following instructions in large lettering:
"INSTRUCTIONS
REMOVE SPRAY GUN FROM HOLDER
SELECT WASH AT SWITCH DEPOSIT COIN
DEPOSIT COIN
DEPRESS TRIGGER ON SPRAY GUN AND GO OVER CAR QUICKLY 10 OR 12 INCHES AWAY
GO BACK OVER CAR 6 TO 8 INCHES AWAY TO REMOVE LOOSENED DIRT
WASH WHITEWALL TIRES 1 TO 2 INCHES AWAY
SELECT RINSE AT SWITCH AND RINSE CAR THOROUGHLY
REPLACE SPRAY GUN IN HOLDER"
Plaintiff's testimony as to the occurrence of the accident is that while he cannot read or write, he saw the numbers "25" and he deposited his quarter in the appropriate slot, whereupon the hose and its spray nozzle jumped out of the holder and began to whip about, striking him on the foot and causing what was later diagnosed as a fracture of the fifth toe.
Corroboration of plaintiff's version of the accident is found in the history given by plaintiff to Dr. A. J. Tassin of Ville Platte, his attending physician, and in the testimony of two of defendant's witnesses, Collins and Tezeno. The latter individuals were on the premises of the carwash at the time of the alleged accident washing their own vehicles. They testified that they did not see or hear anything which would confirm plaintiff's account of the accident, but they recalled plaintiff's telling them immediately thereafter that he had been struck on the foot by the spray nozzle.
In his written reasons for judgment, the trial court did not make a factual finding as to whether the accident occurred in the manner described by plaintiff. Our review of the record leads us to conclude as a factual matter that the preponderance of evidence supports plaintiff's version of how his toe was broken.
In other words, we conclude that the defendant's alleged negligence was a cause in fact of plaintiff's injury. Our next inquiry is to ascertain
"... whether the defendant breached a legal duty imposed to protect against the particular risk involved." Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972) citing Pierre v. Allstate Insurance Company, 257 La. 471, 242 So.2d 821 (1970).
It must be borne in mind that plaintiff was an invitee, being a business guest, on defendant's premises. However, *404 a determination of plaintiff's status is not of great assistance in making a determination of negligence under a duty-risk analysis.
The first question is whether defendant owed plaintiff a duty to protect him from injury by a whipping or flailing spraying nozzle. Most certainly the answer to this question is in the affirmative. The second question is whether defendant breached that duty. This is much more difficult to decide in the instant case. One witness testified he had experienced having a spray nozzle jump out of the holder and whip about, although he was not injured. However, another witness, a man who owned several similar facilities testified that, during his business experience of more than ten years, no one had ever been injured from a flailing spray nozzle at his establishments to his knowledge. He also said that the operation of the sprayers was so simple that, in his opinion, it was not even necessary to post instructions.
The instructions were posted in the instant case, and our study of them indicates that they were adequate for their purpose. The problem is that plaintiff could not read them. Thus, the defendant did not breach his duty to plaintiff; the instructions discharged his duty, but, because of the unfortunate circumstance that plaintiff could not read, he did not follow the instructions and was injured.
Our conclusion is similar to that of the trial court, which said:
"The defendant has the right to assume that a person or persons using that establishment will follow the instructions on the sign or signs, and that if such a prospective customer cannot read, that he should have someone explain the sign to him." (TR. 20)
Therefore, we affirm the judgment of the trial court at appellant's cost.
Affirmed.
DOMENGEAUX, concurs in the result.