SARTAIN, Judge.
This is a suit for personal injuries and special damages as a result of injuries sustained by Mrs. Hazel LaCour at the home of her son, Dr. Edward G. LaCour. Mrs. LaC-our and her husband, A. F. LaCour, appeal from a judgment rejecting their demands. We affirm.
All of the evidence was presented through depositions and a written stipulation. The facts are not in dispute.
Mrs. LaCour was visiting the home of her son, Dr. Edward G. LaCour. She, her husband and grandson, Mark LaCour, were in the den. Dr. LaCour and his wife were not at home at the time. Mark LaCour deposed that he was sitting on the couch when he heard a squeaking sound emanate from beneath the couch. He arose and as he did a small bird known as a “chimney swift” flew out from under the couch and lit on the den wall. His grandmother told him to open the rear door to the house. She proceeded to open the front door. It was thought that the bird would exit from one of these entrances. At this point neither Mark nor his grandmother appeared concerned.
The bird initially flew to the rear of the den. Mrs. LaCour was returning to the den to ask her grandson if it had gotten out. She then observed the bird flying in her direction, appearing to be headed towards the front door. It then changed it course of flight and flew directly towards her as if “. . .it was going to come up to my face and tear my eyes out.” She turned quickly and fell, thereby sustaining very serious injuries.
*955 No one saw the bird enter the den originally. However, there is really no dispute that it entered from the chimney. Dr. LaC-our and his wife were aware that birds nested in their chimney. Mrs. Doris LaC-our and her son, Mark, knew of one other occasion when a “chimney swift” had gotten into the den. It was removed by placing a basket over it and sliding the basket to the rear door. Dr. LaCour did not recall this previous incident.
Plaintiffs’ principal thrust is that the house was unsafe by virtue of the presence of “chimney swifts” in the chimney and the likelihood of these birds gaining access to the living area, frightening a guest, and causing injury to others similar to those sustained by Mrs. Hazel LaCour.
In disposing of the legal issues involved, the trial judge, in his written reasons for judgment, stated:
“The liability of a landowner under circumstances such as these is based on the concept of fault under Articles 2315 and 2316 of the Louisiana Civil Code. In order to determine whether liability exists under the facts of this case, this Court adopts the duty-risk approach. Shelton v. Aetna Casualty & Surety Company, 334 So.2d 406 (1976); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962). Pursuant to this approach, the following inquiries must be made: (1) What, if any, duty was owed by the landowner to the plaintiff? (2) Was there a breach of this duty? (3) Was the risk, and harm caused, within the scope of protection afforded by the duty breached?
“Traditionally, the duties of an owner or occupier of land, for the purpose of determining liability in negligence actions brought under articles 2315 and 2316 of the Louisiana Civil Code, have been defined in terms of the status of the person entering upon the land. Recently, however, the Louisiana Surpeme (sic) Court in Cates v. Beauregard Electric Cooperative, Inc., 328 So.2d 367 (1976), found the common law classifications of invitee-licensee-trespasser to be of little help in applying Civil Code Article 2315. The court therein further indicated that the proper test to be applied in determining a landowner’s liability under Articles 2315 and 2316 is ‘whether in the management of his property he has acted as a reasonable man in view of the probability of injury to others’.
“First, a determination must be made of the duty owed by Dr. Edward LaCour to his mother by ascertaining the particular facts before this Court. The duty of a landowner is not to insure against the possibility of an accident on his premises, but rather to act reasonably in view of the probability of injury to others. Dr. LaCour, therefore, only owed a duty to discover any unreasonably dangerous conditions on the premises and either to correct the condition or warn his mother of its existence.
“It is the opinion of this Court that this duty was not breached. The depositions of both Dr. LaCour’s son and wife do establish that Dr. LaCour should have known of the possibility of the presence of small birds in his home in that on at least one prior occasion a similar bird had been present inside the premises. However, this Court does not believe that the possibility of the presence of a small bird constitutes an unreasonably dangerous condition so as to mandate a duty to either correct the condition or warn of its possibility. Dr. LaCour’s son and wife were able to remove the first bird from their home without any resulting injury and they therefore had no reason to believe that such birds would present any unreasonable danger. Likewise, this Court reiterates that the failure of Dr. LaCour to close the chimney flue or place a screen or other protection device in front of the fireplace does not constitute a breach of duty as this Court has held that the possibility of the presence of a small bird within the home does not constitute an unreasonably dangerous condition.
*956 “The Third Circuit Court of Appeal held in the case of Thomas v. Hanover Insurance Company, 321 So.2d 30 (La. App. 3rd Cir. 1975), that the owner of a laundramat owed a duty to customers to take reasonable precautions to keep mice from his premises in that mice were found to constitute an unreasonable risk of foreseeable harm to customers. This foreseeability of harm was therein based upon the assumption that most laundra-mat customers are women who might become frightened by a mouse and suffer injury in attempting to flee. This Court, however, does not find that same foreseeability of harm arises in the case of the presence of a small bird. However, pre-termitting consideration of foreseeability or not and having concluded that there was no breach of duty on the part of the landowner, this Court need not inquire further whether the risk and harm caused were within the scope of protection afforded by the duty.”
We agree with the above conclusions of the district judge.
Accordingly, the judgment of the trial court is affirmed at appellants’ costs.
AFFIRMED.