PONDER, Judge.
The Highway Department appealed from a judgment in favor of two sugar cane farmers for increased costs of harvesting and loss of crop after an accident to a bridge caused at first temporary closure of the bridge and then decreased load limits.
The issues are:
(1) Validity of exceptions of no cause and no right of action;
(2) scope of protection of duty of the Highway Department; and
(3) quantum.
We reverse and render.
On November 14, 1973, the Bayou Sale drawbridge operated by defendant over the Intercoastal waterway was damaged when hit by a vessel owned by Dixie Carriers, Inc. The trial judge found that the bridge tender was negligent because of his failure to raise the bridge and to warn the vessel of this failure in time to avoid the collision. The negligence of the vessel was not considered because of compromise prior to trial.
This incident occurred during the sugar cane harvest season. The plaintiffs are sugar cane farmers on the south side of the *898 waterway. The drawbridge was a major route for them to transport the cane to the mill. The bridge was out of use for 12 days and subject to a 30 ton load limit when reopened. Mr. Peltier alleged that the hauler he was depending upon to carry his cane would not allow its trucks to cross the bridge at all. There is evidence that partial loads of sugar cane did cross the bridge under this 30 ton limit.
The Highway Department first contends that the petition fails to state a claim on which relief can be granted since the damages claimed were general to all the users of the bridge rather than special to these plaintiffs and should be considered “dam-num absque injuria”. This exception states, in another form, the major issue on appeal. We shall consider the first two issues together.
Plaintiffs rely heavily, as did the trial judge,[1] upon Pharr v. Morgan’s L. & P. R. & S. S. Co., 115 La. 138, 38 So. 943 (1905). Recovery was allowed for the increased costs of plaintiff’s sugar cane farming operation due to the obstruction of navigation by a railroad’s negligent damage to its drawbridge and deliberate closure of all navigation for a lengthy rebuilding. The scope of defendant’s duty was considered under proximate cause language. The Supreme Court held that the scope of the duty of defendant not to block navigation included the risk of causing others increased operating costs. The policy that the private railroad company had no right to block navigation of the waterway to continue its own profitable business at the expense of other private users of the waterway[2] was clearly stated.
There are a number of distinguishing features between the Pharr case and the one presented to us. In the older case, a railroad company after causing damage to its drawbridge deliberately closed all navigation to the public in order to continue its own private profitable business during repairs. Here the Highway Department after suffering damage to the bridge maintained by it for public use expedited the temporary repairs so that passage could be resumed as soon as possible on a basis no more restricted than was required for the safety of life and property. The permanent repairs were performed as soon as possible.
We prefer, however, to analyze the cases on the duty-risk ambit principles of Hill v. Lundin & Associates, 260 La. 542, 256 So.2d 620 (1972) and other similar cases.
In the Pharr case, the defendant had the duty to avoid damage to its drawbridge and not to close deliberately all navigation on the river for its benefit. It breached this duty and caused damages to the plaintiff. The ambit of this duty covered the risk of increased cost of transportation resulting from the total obstruction.
In the instant case, the Highway Department owed a duty to operate and maintain the drawbridge so as to allow the public to travel across the bridge. It breached this duty and caused damages to the plaintiffs among others.
However, it is not every injury resulting from negligence, though causally connected and foreseeable, that will be re-dressable. As the Supreme Court said in Hill v. Lundin & Associates, supra, quoting from an article by Professor Wex Malone, stated:
“ ‘All rules of conduct, irrespective of whether they are the product of a legislature or are a part of the fabric of the court-made law of negligence, exists for purposes. They are designed to protect some persons under some circumstances against some risks. Seldom does a rule *899 protect every victim against every risk that may befall him, merely because it is shown that the violation of the rule played a part in producing the injury. The task of defining the proper reach or thrust of a rule in its policy aspects is one that must be undertaken by the court in each case as it arises . . . ’ ”
Even though the risk of harm may be foreseeable or easily associated with the duty imposed upon the Highway Department, we find this duty does not include the risk of the increased costs of operation claimed by the plaintiffs. To hold the Highway Department to such a duty would reduce its ability to perform the necessary governmental function of providing adequate means of transportation to the general traveling public in favor of providing the most advantageous means for private business to reduce its costs. This cost of operations is a risk that should be borne by those engaging in commerce rather than by the entire tax paying public. We can hardly imagine a business today that could not show an increased cost of doing business because of some instance of negligence or the exercise of judgment on the part of the Highway Department in its overseeing and operating the State’s highways.
Admittedly, there is considerable range of judgment in the determination of the scope of protection from loss resulting from a breach of duty in cases such as this. Admittedly, there will be frequent differences of opinion in the courts and in the legislature. Nevertheless, the courts will have to attack those problems on a case to case basis as has often been pointed out.
In finding that the scope of protection of defendant’s duty does not extend to these plaintiffs we do not reach the issue of the damages.
For these reasons the judgments of the trial court in favor of Mr. Antoine Luke and Mr. W. E. Peltier and against the Highway Department are reversed; these claims are dismissed with prejudice. All costs of these appeals are taxed to the plaintiffs.
DOCKET NO. 11,897 — REVERSED AND DISMISSED.
DOCKET NO. 11,898 — REVERSED AND DISMISSED.

. The trial judge stated in his written reasons: “This court reaches its decision on the rationale of the Pharr case.”

. The court in Pharr, supra, stated:
“We cannot concur in the proposition that a railroad company has the legal right to close a river to navigation for three months or more, for the purpose of repairing a bridge broken by its own negligence, or of facilitating its own business. The right of the public in a navigable stream is at least equal to the right "of the railroad to cross the same, and this right to cross is subject to the condition that its bridge be so constructed and maintained as not to unnecessarily interrupt navigation.”