LEMMON, Judge,
concurring.
From the duty-risk approach to causation, plaintiffs arguably have proved that the carrier’s failure to have a conductor or second employee at the rear of the streetcar was a cause-in-fact of the accident — that is, by showing that, more probably than not, the high school student would not have pulled on and broken the copper air line, which precipitated the panic, if there were a conductor in the rear as there used to be under the two-man system of operation.
*178 Nevertheless, establishing cause-in-fact does not impose liability. Hill v. Lundin & Assoc., Inc., 260 La. 542, 256 So.2d 620 (1972). Plaintiffs must further show that the omission (or the act), which was a cause-in-fact of the accident, was one which created such an unreasonable risk of harm to others under the particular circumstances that a reciprocal duty was imposed on the defendant to act (or not to act).
The evidence in this case merely showed that the carrier at one time used two employees to operate streetcars.[1] While it might be inferred that an employee in the rear may have stopped the student’s smoking and throwing old transfers out the window, no evidence in this record raises an inference that the absence of such an employee created such an unreasonable risk of harm to passengers that a duty should be imposed on the carrier to place an employee in the rear or be liable for damages caused by horseplay of fellow passengers. Furthermore, there is no ease of association between a rule which would require an employee in the rear and the particular damages incurred in this case.

. Defendants argue that the advent of exact change boxes and automatic air controlled doors eliminated the need for the employee near the rear door.