392 So.2d 698 (1980)
Eddie ROSS, Jr., Individually and as Administrator of the Estate of the Minor Children, Wilford Earlton Ross and Eddie Lee Ross, III, Plaintiff-Appellant,
v.
CENTRAL LOUISIANA STATE HOSPITAL et al, Defendant-Appellee.
No. 7816.
Court of Appeal of Louisiana, Third Circuit.
December 17, 1980.
*699 Brittain & Williams, Jack O. Brittain, Natchitoches, for plaintiff-appellant.
Broussard, Bolton & Halcomb, Frank R. Bolton, Jr., Alexandria, for defendant-appellee.
Before FORET, CUTRER and LABORDE, JJ.
FORET, Judge.
On May 30, 1977, Vivian Ross, mother of three children, was committed by the coroner of Natchitoches Parish to Central Louisiana State Hospital in Pineville, Louisiana. Upon expiration of the coroner's commitment, she voluntarily agreed to remain at Central for further treatment. She was discharged on August 5, 1977. Seven months later on March 11, 1978, while at her parents' home, she shot and killed her daughter, Pauline Ross, and shot and injured her son, Eddie Lee Ross, III.
After being adjudicated not guilty of murder by reason of insanity, Vivian Ross was remanded to East Louisiana State Hospital (now Feliciana Forensic Facility). Eddie Ross, Jr., her husband and father of the children, sued individually and as administrator of the estate of the minor children, alleging the State of Louisiana, through the Department of Health and Human Resources, was liable for the death and injury of the children. The trial court found the state was not liable. We affirm.
The appellant argues the hospital had a duty to warn Vivian Ross's family that if she did not take her medication she would become violent.
The only physicians testifying at the trial were Dr. Roy Hill, a psychiatrist and administrator of Central Louisiana State Hospital and Dr. Robert Ourso, a staff psychiatrist at Central Louisiana State Hospital. Both testified that at the time Vivian Ross was released she had never exhibited any propensity toward violence nor could they have recommended her commitment since they did not consider her dangerous to herself or others. Dr. Ourso testified that she knew the importance of taking her medication and was able to comply with the instructions.
Dr. Ourso, the treating psychiatrist, diagnosed her condition as schizophrenia, schizo-affective type. Persons suffering from such an illness have a disturbance in their thinking ability due to a distorted perception of reality. The medication given Vivian Ross has the effect of improving the individual's thinking ability. The medication is not meant to control violence nor could it be used to do so. Neither psychiatrist could name a medication which specifically prevents a person from becoming violent. Both psychiatrists were of the opinion that an individual suffering from schizophrenia, schizo-affective type, was no more apt to commit an act of violence than a member of the general public.
Under the duty-risk analysis, the court must first determine if the defendant's actions or omissions caused plaintiff's injuries. If they did, the court then must determine whether defendant owed plaintiff a duty of care and whether it protects the plaintiff from the particular harm incurred. Dixie Drive It Yourself System v. American Beverage Company, 242 La. 471, 137 So.2d 298 (1962).
The appellant offered no evidence to show that Vivian Ross failed to take her medication at the time she attacked her children. Nor did appellant present any medical testimony establishing a causal relationship between her failure to take her medication and her attack on the children.
The appellant has not argued the hospital was negligent in releasing Vivian Ross. Given the facts and circumstances at the time of her release, the hospital could *700 not have foreseen her actions. A hospital cannot be expected to warn third persons of possible dangers which it could not foresee. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.