PONDER, Judge.
Plaintiffs appealed from the judgment of the trial court dismissing their suit against the State of Louisiana, through the Department of Transportation and Development (Department), for damages resulting from the death of the wife of one plaintiff and mother of the other plaintiffs.
The issues are: (1) whether the trial court erred in finding no liability on the part of the Department; (2) whether the decedent's fault caused the accident and, if so, whether wholly or partly; and (3) the effect on plaintiffs’ recovery of damages.
We affirm.
Plaintiffs filed suit for wrongful death against the Department,[1] on two theories of liability: strict liability under LSA-C.C. art. 2317 and ordinary negligence under LSA-C.C. art. 2315. The trial court ruled in the Department’s favor, concluding that the Department was not negligent and that the negligence of the decedent in failing to stop at the stop sign caused the accident. He did not specifically address plaintiffs’ theory of strict liability.
Sharp Road, a rural two-lane road in St. Tammany Parish, is intersected only by residential driveways. The land on both sides of the road is wooded. The day was clear and sunny, and the road was dry. For 1000 to 1500 feet west of the stop sign, Sharp Road is straight, level and without obstruction. The stop sign at the intersection with Louisiana Highway 59 was the usual octagonal red and white with a diameter of thirty inches. Although at the time of the accident the face of the sign was marked by spray paint, the legend “stop” was clearly legible. There were no posted speed limit signs on the road.
On March 28, 1981, the decedent, driving east on Sharp Road, failed to stop before entering the intersection. She collided with another vehicle and was killed.
*207 Appellants contend that the trial court erred in not finding the Department strictly liable or liable under C.C. art. 2315, and in finding that the decedent’s death was the result of her negligence alone.
The record contains disputed testimony, both factual and opinion. The witnesses expressed different conclusions as to the distance from which the stop sign could be seen and recognized as such, the effect of the rural surroundings, the effect of the existence of a road beyond Highway 59, the effect of the sunlight at 10:30 A.M., and the reputation of the intersection as to danger. We have reviewed this evidence and find both that the decision has sufficient support in the record and there is no error in the conclusion that the accident resulted from decedent’s negligence alone.
In determining whether the Department was at fault under either negligence theory or strict liability, our analysis is, initially, substantially the same:
“The judicial process involved in deciding whether a risk is unreasonable under Article 2317 is similar to that employed in determining whether a risk is unreasonable in a traditional negligence problem, Hunt v. City Stores, Inc., 387 So.2d 585 (La.1980), and in deciding the scope of duty or legal cause under the duty/risk analysis. Hill v. Lundin Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Green, The Causal Relation Issue, 60 Mich.L.Rev. 543, 563 (1962). This is not because strict liability under Article 2317 is equivalent to liability for negligence, but because in both delictual areas the judge is called upon to decide questions of social utility that require him to consider the particular case in terms of moral, social and economic considera-tions_” Entrevia v. Hood, 427 So.2d 1146, 1149 (La.1983).
The trial court must have concluded that, as posted at the time of the accident, the intersection did not pose an unreasonable risk of injury to an eastbound motorist. Therefore, there is no strict liability.
For these reasons, the judgment is affirmed at appellants’ cost.
AFFIRMED.

. In addition, plaintiffs sued the Parish of St. Tammany and its liability insurer, but settled with those defendants prior to trial.