STOKER, Judge,
dissenting.
With respect I dissent from the conclusions and holding of the majority. I submit that an appropriate duty-risk analysis should lead to a conclusion that the State, through the Department of Transportation *1320 & Development, breached no duty owed to the deceased, James Forest.
Duty-risk analysis as the accepted methodological approach began with the Louisiana Supreme Court case of Dixie Drive It Yourself Sys. v. American Beverage Co., 137 So.2d 298 (1962). It has been developed and refined by numerous cases and legal writings. Citation of the legal milestones is not necessary as they are well known. Excellent summaries, tracing the development and explaining the methodology are provided by Professor William L. Crowe, Sr. of the Loyola University School of Law, and Mr. Timothy J. McNamara of the Louisiana Bar Association, to mention only two. See Crowe, The Anatomy of a Tort — Greenian, as Interpreted by Crowe Who Has Been Influenced by Malone — A Primer, 22 Loyola Law Review 903 (1976), and McNamara, The Duties and Risks of the Duty-Risk Analysis, 44 La. Law Rev. 1227 (1984). These authorities clearly show that duty-risk methodology has been accepted in this State by the Louisiana Supreme Court and its lower courts.
The duty imposed upon courts to engage in a duty-risk analysis applies in strict liability cases as well as negligence cases. Entrevia v. Hood, 427 So.2d 1146 (La.1983). Thus, it makes no difference whether this case is approached as a negligence case or a strict liability case.
As a plethora of written exposition exists concerning the methodology of duty-risk, the concept need not be reviewed here. A most sententious statement of the essence of the duty-risk, analysis was recently set forth by the Louisiana Supreme Court in PPG Industries, Inc. v. Bean Dredging, 447 So.2d 1058 (La.1984). The court stated:
“Rules of conduct are designed to protect some persons under some circumstances against some risks. Malone, Ruminations on Cause-in-Fact, 9 Stan.L. Rev. 60 (1956). Policy considerations determine the reach of the rule, and there must be an ease of association between the rule of conduct, the risk of injury, and the loss sought to be recovered. Hill v. Lundin & Assoc., Inc., 260 La. 542, 256 So.2d 620 (1972). A judge, when determining whether the interest of the party seeking recovery of damages is one that falls within the intended protection of the rule of law whose violation gave rise to the damages, should consider the particular case in the terms of the moral, social and economic values involved, as well as with a view toward the ideal of justice. See Entrevia v. Hood, 427 So.2d 1146 (La.1983) ”
In considering the facts of this case I find no ease of association between the rule which requires the Department of Transportation and Development to warn oncoming motor vehicles of barricade obstructions with the risk or hazard that bicyclists may go upon the highway during hours of darkness and attempt to pass their bicycles through the barricade. Such an occurrence is a remote possibility and hardly to be anticipated. We may assume that placement of the barricade was meant to bar all traffic from using the highway beyond the barricade. This would include bicycle traffic as well as traffic by motor vehicles. Consequently, the deceased and his son, in attempting to breach the barricade, were not engaged in any conduct of moral, social or economic value.
Accordingly, I would find that the injury to a bicyclist standing near a highway barricade incurred in a crash into the barricade by a motorist who fails to see the barricade is not within the intended protection of the rule that requires the DOTD to properly sign and warn of the presence of the barricade. Stated another way, the risk or hazard that a bicyclist located at a highway barricade will be hit by an oncoming motorist who does not see the barricade is not within the ambit of the legal duty of the DOTD to warn motorists of the presence of the barricade.
For the foregoing reasons I would reverse the trial court and dismiss the plaintiffs’ suit against the State.