EDWARDS, Judge.
This is an appeal from the granting of summary judgments in favor of the defendants, First City Bank of New Orleans and The Villa Condominium Homeowners Association, Inc., dismissing the plaintiffs suit.
Background Facts
In November, 1989, the plaintiff, Karla Geter (Geter), a city police officer, was a resident tenant at the Villa Condominiums where she also served as a security guard in exchange for rent-free housing. On the evening of November 13, 1989, Geter left her apartment to dispose of garbage in the garbage bins located on the premises of Villa Condominiums. As she was returning to her apartment, she heard a strange noise coming from around the garage building, and she decided to investigate. She was confronted by a trespasser, later identified as Hollis J. Maten (a named defendant in this matter) and a verbal confrontation ensued between the two. Geter began questioning Maten about his presence on the premises, after which he became hostile and physically shoved the plaintiff against a brick wall. Geter, then in fear for her own safety, began attempting to retreat from Maten. As she was backing away from him, her feet became caught in the rungs of a ladder that had been left leaning against a brick wall in the garage building. Geter sustained injuries as a result of this incident, and this litigation ensued.
The trial court granted summary judgment in favor of First City Bank and The Villa Condominium Homeowners Association, Inc., finding that the ladder did not constitute an unreasonable risk of harm to the plaintiff under the particular facts of this case. After our review of the record, we find no error below, and accordingly, affirm.
Duty-Risk Analysis
In Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972), the landmark decision involving unattended ladders, our supreme court applied the duty-risk analysis and rejected the proposition that simply leaving a ladder unattended is negligence per se, specifying that the duty-risk analysis is to be applied in light of the particular facts of the controversy in each ease as it arises. Therefore, we must first determine whether any causal relationship existed between the harm to the plaintiff and the defendant’s allegedly negligent misconduct. Hill, supra, 256 So.2d at 622. To meet the cause-in-fact element, a plaintiff must prove only that the conduct was a necessary antecedent of the accident, that is, but for the defendant’s conduct, the incident probably would not have occurred. Roberts v. Benoit, 605 So.2d 1032, 1052 (La.1991), on rehearing.
If the defendant’s conduct is a “cause in fact” of the harm, we must then determine whether the defendant owed a legal duty to protect the plaintiff against the particular risk involved. Duty is a question of law; the inquiry is limited to whether the plaintiff has any law to support his claim. Roberts, 605 So.2d at 1043.
If it is established that the defendant owed a legal duty, the inquiry turns to the scope of the duty, and a determination of whether the injury sustained by the plaintiff, in light of the particular facts and circumstances of each incident, fell within the scope of the legal duty imposed. See generally Roberts, 605 So.2d at 1052-1059.
Application of Legal Precepts
In the case before us, the cause-in-fact element is easily satisfied. Clearly, if the ladder had not been left leaning against the wall in the garage building, her feet would not have become entangled in the rungs as she attempted to retreat from Maten. Therefore, the ladder was a cause in fact of the accident which occurred.
The defendant appellees, as owners/eustodians of the premises on which this incident occurred, owed a legal duty to the plaintiff not to create any unreasonable risk *368 of harm. This duty is based in law on Civil Code Articles 2315 and 2317.
However, the inquiry as to whether these defendants’ duty encompassed the particular risk of harm which befell Geter on the night of this particular incident is not so easily satisfied. Indeed, the satisfaction of this inquiry “has proved to be a herculean task for the judiciary in all places and all times.” Roberts, 605 So.2d at 1052. In resolving this inquiry in the present matter the trial court stated the following:
In ascertaining what constitutes unreasonable risk of harm, you have to do it on a case-by-case basis. In some instances it [is] an easier analysis than others. For instance, [if] a ladder was laying inside the garage; a person parks in the garage, opens the door, it’s dark and he steps on the ladder while getting out of [his vehicle] ... I would anticipate that we all would say that’s foreseeable, that if you’re going to leave a ladder laying in the garage in a position where a person would park their [sic] car, open the door and get out, they can’t see it because it’s dark, it shouldn’t be there.
Here we have [a] ladder that created perhaps no problem at all for people who were parking, because even Ms. Geter testified that she was standing by her Blazer; it was only after she was trying to either back away or retreat from Mr. Maten that she tripped over a ladder. I think that whether or not it was the ladder or whether or not it was a limb, it would not have made any difference because she was trying to back away, get away from this person. So I don’t think that the fact that the ladder was laying inside the parking area constitutes unreasonable risk of injury under the facts of this case.-...
We have reviewed the facts and circumstances of this accident as borne by the record, and we find that the trial court correctly applied the duty-risk analysis and correctly concluded that under these facts, the fact of the ladder being left in the garage did not present an unreasonable risk of harm to Geter. The risk encountered by Geter which caused her harm was the presence of a trespasser on the premises, and her attempt to retreat from his hostile advances. The scope of the defendants’ duty to protect their residents from unreasonable risk of harm did not encompass the risk that a resident would be accosted by a trespasser and trip over a ladder while trying to get away.
Summary Judgment
A motion for summary judgment shall be rendered when the record shows that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966. In the instant case, there is no dispute regarding the material facts surrounding the accident. Furthermore, as discussed above, the defendant appellees are entitled to judgment as a matter of law. The judgment of the trial court granting the summary judgment is therefore affirmed. The plaintiff is assessed all costs of this appeal.
AFFIRMED.