GONZALES, Judge,
dissenting.
I respectfully dissent from the majority opinion affirming the trial court’s finding that the Housing Authority was negligent in this ease.
Under a duty-risk analysis, the critical issue in the instant case is whether the injury Ms. Brinson sustained was within the scope of some duty owed to her by the Housing Authority. Although the majority does not discuss the Housing Authority’s responsibility to Ms. Brinson in terms of “duty,” they implicitly find, and I agree, that the Housing Authority, as owner and operator of Shannon Homes, had a duty to properly maintain the premises occupied by the tenants of Shannon Homes. However, I do not find that the Housing Authority’s duty encompassed the risk that record-breaking cold temperatures would cause the water in the pipes in Ms. Brinson’s apartment to freeze, which in turn would then cause the pipes to burst; that the water would then thaw and begin running inside the interior of the walls and ceiling in Ms. Brinson’s apartment, which in turn would cause a portion of the sheetrock ceiling to collapse and strike Ms. Brinson resulting in personal injury to her.
In determining the limitation to be placed on the Housing Authority’s duty to properly maintain the Shannon Homes premises, the proper inquiry is to determine how easily the risk of injury to Ms. Brinson can be associated with the duty sought to be enforced. As stated by the Supreme Court in Roberts v. Benoit, 605 So.2d 1032, 1054 (La.1991) (on rehearing), the ease of association inquiry, which addresses policy and foreseeability, is simply: “Is the harm which befell the plaintiff easily associated with the type of conduct engaged in by the defendant?” Absent an ease of association between the duty breached and the damages sustained, there is a lack *1220 of legal fault. Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620, 622-623 (La.1972).
In this case, the ease of association between the Housing Authority’s alleged negligence in failing to take action in light of its knowledge of the extremely cold temperatures and the risk that Ms. Brinson would be injured under the circumstances and in the manner presented by these facts is, at best, attenuated. Although the freezing of the water in the pipes and subsequent bursting of the pipes may be associated with the Housing Authority’s failure to take preventive action, the chance that the ceiling in Ms. Brinson’s kitchen would fall, and happen to fall at the exact moment when she was standing near enough to be struck and injured, is not an occurrence which one would associate with the duty to maintain the premises in the face of freezing weather.
Therefore, I disagree with the majority’s implicit finding that the scope of the Housing Authority’s duty encompassed the risk that Ms. Brinson would sustain personal injury. Absent the requisite ease of association, the Housing Authority was not at legal fault.