11 GUIDRY, Chief Judge.
Plaintiff, Glenn J. Olivier, while riding a motorcycle in a southerly direction on Louisiana Highway 686 in rural St. Martin Parish, was involved in a head-on collision with a vehicle driven by defendant, Carroll Bou-dreaux. The collision occurred in plaintiffs lane of travel as Boudreaux, who was traveling northerly, attempted to pass a vehicle preceding him.
Among others, plaintiff joined Woodrow and Grace Theriot as defendants. The Ther-iots own and maintain a residence adjacent to the highway where the accident occurred. Plaintiff urges, as a basis for joinder of the Theriots as defendants, that they maintain a rural curbside mail box which created an “unreasonable risk of harm” which was, at least in part, a cause-in-fact of the accident. The trial court granted summary judgment *630 dismissing plaintiffs demands against the Theriots. Plaintiff appeals urging error in the trial court judgment because the mailbox’s role in causing the accident and the reasonableness of the risk of harm presented by the mailbox are disputed issues Lof fact which preclude summary judgment. Appellant also urges that the trial court manifestly erred when it assigned as its reasons for judgment the brief of counsel for defendants.
We affirm.
The following facts are without dispute. The mailbox in question is the customary small metal box which is set upon a post. The box is 3.1' above ground. The post (approximately 4" x 4") supporting the box is 7' from the white line on the edge of the travel lane. The edge of the box closest to the highway is 5.6' from the white line. The post supporting the box is at the edge of the shoulder of Highway 686 and is also at the edge of a highway drainage ditch immediately adjacent to the shoulder. The construction and location of the box complies with State and Federal regulations. Photographs in the record corroborate the mailbox’s construction and location with respect to Highway 686. The collision occurred in the south travel lane of Highway 686.
As we understand appellant’s argument, he contends that the mailbox, under the circumstances, created an unreasonable risk of harm which was a eause-in-fact of the accident because its presence deterred his taking evasive action to avoid the collision.
We readily acknowledge that the issues as to (1) whether plaintiff had sufficient time to take evasive action, and, (2) whether the presence of the Theriot mailbox discouraged his taking such action, are disputed issues. On the other hand, in our view, such issues are not material because, in light of the undisputed material facts, i.e., rural nature of the accident site, construction of the mailbox, and location of the mailbox in relation to the highway, shoulder, and drainage ditch, the mailbox is not defective and did not create an “unreasonable risk of harm” which would subject the Theriots to liability for negligence or strict liability.
In Entrevia v. Hood, 427 So.2d 1146 (La.1983), our Supreme Court set forth the principles applicable in determining whether a risk is unreasonable, stating:
The judicial process involved in deciding whether a risk is unreasonable under Article 2317 is similar to that employed in determining whether a risk is unreasonable in a traditional negligence problem, Hunt v. City Stores Inc., 387 So.2d 585 (La.1980), and in deciding the scope of duty or legal cause under the duty risk analysis. Hill v. Lundin [&] Associates, Inc., 260 La. 542, 256 So.2d 620 (1972); Green, The Causal Relation Issue, 60 Mich.L.Rev. 543, 563 (1962). This is not because strict liability under Article 2317 is equivalent to liability for negligence, but because in both delictual areas the judge is called upon to decide questions of social utility that require him to consider the particular case in terms of moral, social and economic considerations, in the same way that the legislator finds the standards or patterns of utility and morals in the life of the community. B. Cardozo, The Nature of the Judicial Process, at p. 105 (1921); See also, Green, The Causal Relation Issue, 60 Mich.L.Rev. 543 (1962).
Because of the similarities in these aspects of the negligence and strict liability inquiries, it has been suggested that a useful approach in a case under article 2317 might be to ask the following: If the custodian of the thing is presumed to have knowledge of its condition before plaintiffs injury, would he then have been acting reasonably by maintaining it and exposing others to it? See Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982) (Lemmon, J.); Id. at 501 (Dennis, J. concurring); Cf. Wade, On the Nature of Strict Tort Liability for Products, 44 Miss. L.J. 825, 834-35 (1973); Wade, Strict Tort Liability for Manufacturers, 19 S.W.L.J. 5, 15 (1965). This was perceived as a helpful, although indirect way to show judges familiar with weighing considerations of social utility in negligence cases that the policy consideration part of the judicial process should not be different in cases under article 2317. However, the suggested method is indirect and entirely unnecessary once the judge understands that the *631 standards or patterns of utility and morality which he must consider in deciding if a risk is unreasonable will be found in the life of the community, in the same way that they will be found by the legislator. By no means was the suggestion intended to imply that the methods of determining negligence and strict liability under article 2317 are identical in all respects. There is a major distinction between the two theories of recovery which |4lies in the fact that the inability of a defendant to know or prevent the risk is not a defense in a strict liability case but precludes a finding of negligence. Hunt v. City Stores, Inc., supra; Olsen v. Shell Oil Co., supra [365 So.2d 1285 (La.1979) ]; Loescher v. Parr, supra [324 So.2d 441 (La.1975) ].
Summary judgment is appropriate when, after considering all facts and inferences in a light most favorable to the nonmover, there is no genuine issue of fact material to a finding that the mover is entitled to judgment as a matter of law. La.C.C.P. art. 966.
In the instant case, applying the principles set forth above to the undisputed facts, we conclude that the Theriots’ mailbox did not present an unreasonable risk of harm which would subject them to liability to plaintiff under La.C.C. arts. 2315, 2317 or 2322. For these same reasons, we conclude that the disputed issues alluded to above are not material and do not, under the circumstances, preclude summary judgment. Material facts are those which insure or preclude recovery. See Penalber v. Blount, 550 So.2d 577 (La.1989).[1] The trial court properly granted the Oliviers’ motion for summary judgment.
Considering the above, we need not consider appellant’s assignment of error regarding propriety of the trial judge’s reasons for judgment.
The judgment of the trial court is affirmed at appellant’s cost.
AFFIRMED.

. We have considered the decision in Rogers v. Daigle et at, 93 CA 1523, Court of Appeal, First Circuit 6/3/94; 643 So.2d 758 (La.App. 1st Cir.1994), and find same factually distinguishable and clearly inapposite.