THIBODEAUX, Chief Judge,
dissenting.
|/The trial court determined that the School Board’s conduct was neither a cause-in-fact nor a legal cause of J.M.’s injuries. While the majority asserts that this is a cause-in-fact case, it confuses cause-in-fact with legal cause because the jurisprudence on which it relies focuses on legal cause.
Unquestionably, the School Board had a legal duty which was breached in this case. J.M.’s worry and consternation over her daughter’s whereabouts would not have happened if the bus driver had not imprudently allowed her minor daughter to exit the bus. Many parties are to blame in this case, not the least of which are A.C. and her sister. Nonetheless, when there are many concurrent causes leading to injury, the question that must be asked is whether one of the causes was a substantial factor in bringing about the harm. See Daye v. General Motors Corp., 97-1653 (La.9/9/98), 720 So.2d 654. Given the factual circumstances of this case, I conclude that the School Board’s conduct was a substantial factor in bringing about the harm caused to J.M.
|.2We must next determine whether the School Board’s breach of its duty extends to protecting J.M. against the risk of harm which she suffered. Hill v. Lundin & Assoc., 260 La. 542, 256 So.2d 620 (1972). Did the School Board’s duty and breach of its duty include within the scope of that protection the risk that J.M. would be criminally charged with truancy and the risk that she would be emotionally affected by ignorance of her daughter’s whereabouts? I think so. Was there an ease of association between the risk that this harm would occur to J.M. and the legal duty which was breached? See Lazard v. Foti, 02-2888 (La.10/21/03), 859 So.2d 656. Again, I think so.
The majority makes reference also to the lack of evidence showing that J.M. was charged with truancy or the relationship of this incident to this charge. However, there was nothing to contradict J.M.’s testimony on this point. Nor was she found not credible by the trial court. There is *155 no sound reason for the rejection of J.M.’s testimony. Assuming, arguendo, that the majority’s position is a valid one, there is no dispute about the fact that J.M. was emotionally troubled by her daughter’s absence. The record demonstrates and common sense dictates this observation.
For the foregoing reasons, I would find the School Board liable for the injuries suffered by J.M.