KNOLL, J.,
concurring.
l,The majority finds “the condition of the shoulder [where the accident occurred] did not present an unreasonable risk of harm [sic] and DOTD’s duty did not encompass this risk.” I concur because, in my view, DOTD did not owe any duty to plaintiff, who was illegally driving a backhoe on the shoulder of a public road, and it is therefore unnecessary to consider any other issue regarding the scope of DOTD’s duty or the risk of harm created by the condition of the road. I further concur because the proper standard of review on the issue of DOTD’s duty toward plaintiff is de novo, and therefore a manifest error review is misplaced.
The majority correctly states DOTD has a duty “to maintain the public roadways, including adjacent shoulders and areas in DOTD’s right-of-way, in a condition that is reasonably safe and does not present an unreasonable risk of harm to the motoring public exercising ordinary care and reasonable prudence.” Forbes v. Cockerham, 08-0762 (La. 1/21/09), 5 So.3d 839, 858; see also, La.Rev.Stat. § 48:35(E)(l)(a) (describing DOTD’s duty in substantially similar terms). It also recognizes this duty does not apply to every potential plaintiff in any conceivable circumstance. However, the majority fails to consider whether DOTD owes this duty to plaintiff Brooks, who was injured while driving a backhoe on the shoulder of a Louisiana public highway.
|2In the duty/risk analysis applicable to all negligence claims, we consider whether the defendant owes a duty of care to the particular plaintiff in question:
Seldom does a rule protect every victim against every risk that may befall him, merely because it is shown that the violation of the rule played a part in producing the injury. The task of defining the proper reach or thrust of a rule in its policy aspects is one that must be undertaken by the court in each case as it arises.
Hill v. Lundin & Assoc., 260 La. 542, 256 So.2d 620, 623 (1972). These policy considerations may properly be included as part of the initial duty inquiry, especially when the primary issue is “whether the defendant stands in any relationship to the plaintiff as to create any legally recognized *196 obligation of conduct for the plaintiffs benefit.” Pitre v. Opelousas General Hospital, 530 So.2d 1151, 1155 (La.1988).
“Whether a duty is owed is a question of law; whether defendant has breached a duty owed is a question of fact.” Brewer v. J.B. Hunt Transport, Inc., 09-1408 (La.3/16/10), 35 So.3d 230, 240 (citing Mundy v. Dep’t of Health & Human Res., 620 So.2d 811, 813 (La.1993)); see also, Frank L. Maraist & Thomas C. Galligan, Jr., Louisiana Tort Law § 5.02 (2004 ed. Supp.2010) (“Duty is generally considered a question of law, but legal causation is a mixed question of law and fact ... [so] there is a rational allocation of the decision-making function: the judge decides duty and the jury decides legal cause”) Therefore, we may review the issue de novo. LeBlanc v. Stevenson, 00-0157 (La.10/17/00), 770 So.2d 766, 770; City of New Orleans v. Bd. Of Comm’rs of Orleans Levee Dist., 93-0690 (La.7/5/94), 640 So.2d 237, 253.
Judge Parro, dissenting in the opinion of the court below, correctly observed: “[i]t belies common sense to conclude that the driver of a backhoe on a state highway would be considered as part of ‘the motoring’ public to whom DOTD owed a duty of care.” Brooks v. State, through the Dept. of Transp. & Dev., 09-1267 (La.App. 1 Cir. 7/6/10), 2010 WL 2679970 (Parro, J., dissenting) (unpublished). The backhoe Loperated by plaintiff was neither designed nor authorized for operation on any part of a highway. According to expert testimony presented at trial, the vehicle was top-heavy and prone to rocking forward and backward. It can only achieve speeds near twenty miles per hour and lacks any kind of shock absorbers or similar device. Moreover, it is susceptible to flipping over at speeds greater than ten miles per hour. This machine was clearly not designed for highway travel.
Additionally, the Louisiana legislature has not authorized plaintiffs vehicle for ordinary operation on public roads. Significantly, backhoes are not subject to motor vehicle registration and therefore cannot be lawfully operated on the public roadways under La.Rev.Stat. § 32:51. Although motor vehicles that are arguably similar to the backhoe in question are allowed to travel incidentally or temporarily on public roadways for farm-related purposes and roadwork, plaintiffs vehicle meets none of these exceptions.[1] In this regard, the majority correctly reasons that authorization of heavy equipment similar to, and possibly including, backhoes to drive the public roadways for specific, limited purposes does not bring such vehicles within the “motoring public” such that DOTD must design and maintain every public road for their safe operation.
This understanding of the DOTD’s duty is bolstered by the legislature’s provision for an alternative means of transporting heavy machinery on Louisiana roads. Rather than driving the heavy equipment, the legislature intended for them to be carried by vehicles designed for highway travel. To this end, La.Rev.Stat. § 32:651 authorizes the creation of special permits *197 for “transporters of heavy |4equipment,” thereby allowing trucks to exceed the typical weight and width restrictions when carrying heavy machinery.
Unlike the majority, which treats the considerations discussed above as factors in an unreasonable risk analysis, I find them determinative on the preliminary question of duty. This case is a classical example of why it is necessary to consider whether a duty is owed to this plaintiff. DOTD owes a well-recognized duty of care toward the motoring public, but not toward every individual who happens to be on the roadway. DOTD must be able to discern what types of vehicles will be travelling on the public roadways; otherwise it will be impossible to determine what standards of construction and maintenance will allow safe travel thereon. Plaintiff, driving a backhoe on the shoulder of Highway 30 with no purpose related to farming or road construction, lies outside any commonsense definition of the motoring public. Therefore, I find DOTD owed plaintiff no duty of care regarding the roadway upon which he drove.
Because I find DOTD’s lack of duty toward this plaintiff to be the dispositive issue, it is unnecessary to consider whether DOTD’s duty of care included the risk of a backhoe flipping over while turning off the shoulder of a public road or whether the depression on the shoulder of Highway 30 created an unreasonably dangerous risk of harm. Any discussion of these issues by the majority is unnecessary and, therefore, constitutes obiter dictum. For the reasons assigned above, I respectfully concur in the result.

. La. Rev. Stat. § 32:298 authorizes "farm tractors” and "farm equipment” to operate on the shoulders of non-interstate highways with asphalt or concrete shoulders, but La. Rev.Stat. § 32:299 limits the operation of "off-road vehicles” by virtue of the fact that they “are not specifically designated for road use” to use "solely for the purposes of farm-related activities within a five-mile radius of a farmer's farm.” The evidence presented at trial shows plaintiff was not operating the backhoe for any farm-related purpose. Similarly, La.Rev.Stat. § 32:23 exempts motor vehicles from all restrictions governing their operation on public roads “while actually engaged in work upon a highway,” but plaintiff was clearly not engaged in road work.