460 So.2d 748 (1984)
Leroy Joseph GARY, Plaintiff-Appellant,
v.
Chester LOPEZ, et al., Defendants-Appellees.
No. 83-1159.
Court of Appeal of Louisiana, Third Circuit.
December 12, 1984.
*749 Barry J. Heinen, Lafayette, for plaintiff-appellant.
Roy, Forrest & Lopresto, L. Albert Forrest, New Iberia, for defendants-appellees.
Before FORET, CUTRER and CULPEPPER[*], JJ.
FORET, Judge.
This appeal is from a judgment of the trial court denying the damages sought by the plaintiff, Leroy Gary, against the defendants, Chester Lopez and his insurer, State Farm Fire & Casualty Company.
The issues presented by the plaintiff in this appeal are:
(1) Whether the defendant, Lopez, was liable for damages under LSA-C.C. Art. 2315 and/or LSA-C.C. Articles 2317 and 2322, and
(2) Whether the plaintiff could be afforded recovery under Louisiana's rescuer doctrine.
We affirm the judgment of the trial court and adopt the written reasons of the trial court as contained herein.
"Leroy Gary's right wrist was cut by broken glass as he attempted to control a fire at an unoccupied dwelling belonging to Chester Lopez and insured by State Farm. Gary saw the building aflame as he was traveling in his automobile. Totally motivated by his own volition, he attempted to preserve the property. Reluctantly, this Court holds that neither defendant[1] breached any duty owed to plaintiff and that there can be no recovery against them.

"THE NEGLIGENCE THEORY
"In order to ascertain whether the landowner negligently breached a legal duty imposed to protect against a particular risk involved, the following inquiries must be made:
(1) What, if any, duty was owed by the landowner to the plaintiff?
(2) Was there a breach of this duty?
(3) Was the risk and harm caused, within the scope of protection afforded by the duty breached?
"The landowner is not liable for injury resulting from a condition which should have been observed by an individual with the exercise of reasonable care or which was as obvious to a visitor as to the landowner. Richard v. Sonnier, 363 So2d 961 (3rd Circuit, 1978).
"Thus, the only duty owed by the owner to plaintiff was to discover any unreasonably dangerous condition and correct it or warn of its existence. A fire in an occupied *750 dwelling, or with other dwellings nearby is clearly an unreasonably dangerous condition as to the occupants. But in the present case, plaintiff did not occupy the dwelling, nor was he in any danger from the fact the dwelling was on fire. There is no unreasonably dangerous condition posed to a passing motorist by an unoccupied burning dwelling, removed from the road.
"Further, if defendant Lopez had a duty to warn plaintiff Gary of the particular defect, i.e. the dwelling was burning, the fact that this defect was as obvious to the visitor as to the landowner insulates defendant Lopez from liability. Indeed, as the evidence clearly shows, Gary, the visitor was acutely aware of the defect; the defect was precisely what brought Gary on the premises. Between the owner and the plaintiff, the person in the best position to know of the defect, and indeed the only person with actual knowledge of the defect was plaintiff. The Court is unpersuaded that the dwelling owner, Chester Lopez, owed any duty to warn a passing motorist, Leroy Gary, that Lopez's unoccupied dwelling was afire. With no duty embracing plaintiff, there can be no breach by defendant Lopez.
"Learned counsel for plaintiff has strongly argued to the Court that Gary was a rescuer, and thus entitled to a special status, permitting his recovery. Although the rescuer is indeed favored in the eyes of the law, generally speaking the rescuer doctrine is used as a defense to liability. Gambino v. Lubel, 190 So2d 152 (4th Circuit, 1966), [writ denied, 191 So2d 642 (La. 1966)].
"Not every person who is involved in a situation at the scene of an accident enjoys rescuer status, Dodge v. Pierre, 348 So2d 167 (3rd Circuit, 1977), [writ refused, 351 So2d 165 (La.1977)]. In Louisiana, the jurisprudence is clear that for a plaintiff to enjoy rescuer's status, enshrouded with a tortfeasor's heightened duty of care, the rescuer must be attempting to protect human life, Stevenson v. Delahaye, 310 So2d 651 (1st Circuit, 1975). Then Judge Blanche, in his Stevenson opinion, wrote:
`These cases have one common thread in that the rescuer was making some effort or taking some action to protect the personal safety of another who was or who appeared to be in imminent peril.' Albeit in dictum, the United States Fifth Circuit Court of Appeal has refused to extend rescuer status to a night watchman, allegedly injured while protecting his company's property. Kinchen v. Missouri Pacific Railroad Co., 618 [678] F.2d 619 (USCA, Fifth Circuit, 1982).
"Counsel for plaintiff has been unable to provide this Court with any authority for extending the rescuer status to one injured in the completely voluntary attempt of protecting property, occupied or unoccupied. Although the plaintiff's efforts were highly laudable, the Court cannot judicially reward him by cloaking him with a status the jurisprudence does not.

"THE STRICT LIABILITY THEORY
"Counsel for plaintiff advances a second theory of recovery, that of strict liability established by Civil Code Article 2322 and the Loescher v. Parr (324 So2d 441, La. 1975) line of jurisprudence. In making out a prima facie case for recovery under this theory, the plaintiff must prove the vice, or the unreasonable risk of harm to others in the person or thing whose act causes the damage and that the damage resulted from this vice.
"Again, the Court returns to the special circumstances of this case, and holds that the defect, the fire, caused an unreasonable risk of injury only to those who occupied the dwelling. There simply was no risk of harm to plaintiff when he discovered the defect. The owner of a burning dwelling simply has no duty to a passing motorist to protect the motorist against injury incidental to the fire.
"There is no necessity for the Court to address the issues of the defenses of victim fault or fault of a third person, as the Court holds there was no unreasonable risk of injury to plaintiff created by defendant Lopez's ownership of this dwelling.
*751 "The Court is fully cognizant of the benefits bestowed on both defendants by plaintiff's gratuitous efforts to protect the premises. However, the Court draws a distinction between the benefits incidental to the ownership of a commercial building, or an animal, or vehicle or other thingthe direct economic or esthetic benefits to the owner constituting the basis of the owner's strict liability when these things cause injury to an unbenefited third partyand the benefits bestowed by plaintiff's gratuitous, unsolicited efforts to save the premises. Again, the Court is reluctant to deny recovery, due to the admirable efforts to help, but the defendant owner owed no duty to plaintiff."
For the above and foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are to be borne by plaintiff-appellant.
AFFIRMED.
NOTES
[*] Judge William A. Culpepper, Retired, Judge Ad Hoc.
[1] Since the insurer's interests are aligned with the owner's, and any rights plaintiff has as to the insurer arise from the duties owed to the plaintiff by the owner, reference to the owner by the Court encompasses both owner and insurer.