480 So.2d 1053 (1985)
James SNIDER
v.
Lawrence PAGRAGAN.
No. 85-CA-410.
Court of Appeal of Louisiana, Fifth Circuit.
December 16, 1985.
Writ Denied February 7, 1986.
Bradley J. Alleven, New Orleans, for plaintiff-appellant.
Roger I. Dallam, Gretna, for defendantappellee.
Before BOWES, GRISBAUM and DUFRESNE, JJ.
DUFRESNE, Judge.
This is an appeal by James Snider, plaintiff-appellant, from a judgment sustaining the exception of no cause of action in a suit for personal injury brought against Lawrence Pagragan, defendant-appellee.
The facts recited in the petition are that Pagragan had on the edge of his property a post consisting of a short iron pipe protruding from a concrete base; that one Gary Baronowski backed his pickup truck onto the post and his bumper hung up on the pipe. While Snider was assisting Baronowski in freeing the truck, it rolled back and crushed Snider's little finger between the bumper and the pipe. Subsequent amputation of the first joint of the finger was necessary. The petition further recites that the pipe was dangerous, not wrapped with a protective coating, not properly marked, and that others have also struck the post.
The essential question in ruling on the peremptory exception of no cause of action is whether the facts stated in the petition, when conceded as true, legally entitle the plaintiff to the redress sought, Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La. 1975).
In this court's opinion, the facts of this petition, taken as true, do not legally entitle Snider to damages from Pagragan.
The pertinent Civil Code articles here are 2315, 2317 and 2322. Our appreciation of the duty-risk analysis in tort actions is that the only distinction to be made between article 2315 cases and those arising under articles 2317 and 2322, is that in the latter *1054 the defendant's knowledge of the defect creating an unreasonable risk of harm is presumed, Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982); Loescher v. Parr, 324 So.2d 441 (La.1976). Because the petition fairly alleges that the pipe was in the defendant's possession and control, and that a defect in it created an unreasonable risk of harm, we accept for our purposes here that the defendant knew, or was presumed to know, of the dangerous condition. Thus, the above distinction between article 2315, and articles 2317 and 2322 cases need not detain us further.
The remainder of the duty risk analysis was succinctly set forth in Naylor v. La. Dept. of Public Highways, 423 So.2d 674 (La.App. 1st Cir.1983), where the court relied on a four part inquiry:
1. Did the defendant owe a duty to the plaintiff?
2. Was this duty breached?
3. Was the breach of duty a substantial factor in bringing about harm to the plaintiff, i.e., was it a cause-in fact of the harm which occurred?
4. Does the risk of harm encountered by the plaintiff fall within the scope of the protection afforded by the duty breached?
Because a negative answer to any of these questions precludes recovery, we only need address Question 4, which we find germane to the case before us.
In our opinion, the injury suffered by Snider did not fall within the scope of protection afforded by the defendant's duty toward him. As stated in Hill v. Lundin and Associates, Inc., 260 La. 542, 256 So.2d 620 (1972), rules of negligence are not designed to protect every victim against every risk that may befall him simply because a violation of a rule may have played some part in producing the injury. Here, accepting that the pipe constituted a hazard to motor vehicles, it cannot reasonably be held to have constituted a hazard, to a non-motorist injured in attempting to extricate a vehicle from the pipe. As noted in Lundin, supra, it is the task of the courts to define the proper reach of a rule of conduct, and to determine by the circumstances of each case which persons are protected by the rule. In the present case, we recognize that a property owner is under a duty not to maintain a post on the edge of his property which is dangerous to traffic. However, it is this court's opinion that the ambit of that duty simply does not encompass the risk that a third party might be injured in trying to free a vehicle which is caught on that post, absent any allegation of fact which would indicate a sudden emergency.
We finally emphasize that we do not find here that the post on Paragran's property was in fact defective or dangerous. Rather, we merely accept that allegation in the petition as true in our consideration of the exception of no cause of action.
For the foregoing reasons, the judgment appealed from is affirmed.
AFFIRMED.