HALL, Chief Judge.
Plaintiff, A.D. Mitchell, instituted this direct action against defendant, Fidelity and Casualty Company, seeking recovery of damages for injuries sustained by him when he attempted to help a teenage driver, A.J. Hodges, IV, remove his automobile from a ditch on Ellerbe Road in Shreveport. Fidelity and Casualty Company, Hodges’ liability insurer, filed a motion for summary judgment asserting that defendant was entitled to judgment as a matter of law because, on the facts alleged and established by plaintiff’s deposition, defendant did not breach a duty of care owed to the plaintiff. The district court granted summary judgment in favor of the defendant dismissing plaintiff’s suit. Plaintiff appealed contending that defendant owed plaintiff a duty to guard against the risk or damage incurred by plaintiff. Finding no error, we affirm.
On Saturday afternoon, May 26, 1984, Hodges was driving his father’s 1984 Ford Escort on Norris Ferry Road in Shreveport. As he was making a right turn from Norris Ferry Road onto Ellerbe Road, Hodges allowed his vehicle to slide onto the gravel and then into a roadside ditch. Although his vehicle was not substantially damaged, Hodges was unable to drive the car out of the ditch because the front end of the car was in the ditch and the back wheels were off of the ground.
Plaintiff, who also had been driving along Norris Ferry Road, saw Hodges’ automobile in the ditch and stopped to help. Shortly thereafter, two other men stopped. The men first attempted to lift the front end of the car by using a jack but were unsuccessful. It was then plaintiff’s idea that the three men lift the front end of the car while Hodges would control the car from behind the steering wheel. Plaintiff testified by deposition that after the men unsuccessfully attempted to lift the front end of the car he sat down and felt a kink in his back. Plaintiff later learned that he had received severe injuries to the soft tissue surrounding his spine, including a ruptured disc in the lower back. As a result of these injuries, plaintiff was hospitalized for approximately two weeks.
*1091 The only negligence or breach of duty on the part of Hodges asserted by plaintiff is failing to maintain control of the car and driving it into the ditch. Plaintiff contends that Hodges’ duty encompassed the risk of the injury sustained by plaintiff as he assisted in removing the car from the ditch. It is defendant’s contention and the trial court’s finding that the plaintiff’s injury was outside the scope of defendant’s duty.
In deciding the issue of whether the risk resulting in a person’s harm was within a duty imposed on an alleged tortfeasor, we have adopted an approach in Louisiana which first requires us to answer two principal questions: (1) was the conduct complained of a cause-in-fact of the harm; and (2) was the alleged tortfeasor under a duty to protect against the particular risk involved? Carter v. City Parish Government, Etc., 423 So.2d 1080 (La.1982); Hill v. Lundin & Associates, Inc., 260 La. 542, 256 So.2d 620 (1972).
The accident in this case occurred because Hodges negligently drove his vehicle into a ditch. But for Hodges’ failure to maintain control of his vehicle, the resulting attempt by plaintiff to extract the car from the ditch would not have happened. Therefore, Hodges’ conduct was a cause-in-fact of the accident which led to plaintiff’s injury.
If the actor’s conduct of which the plaintiff complains is a cause-in-fact of the harm, we are then required to ascertain whether the actor breached a legal duty designed to protect against the particular risk involved.
It is unlawful for a driver of any vehicle to negligently fail to maintain reasonable and proper control of his vehicle while operating the vehicle on the public roads of this State. See LSA-R.S. 32:58. Hodges had a duty to maintain control of his vehicle. He breached his duty and the inquiry, then, is whether that duty is designed to protect against the risk of injury to a person who came along after the accident occurred and voluntarily assisted in attempting to remove the car from the ditch under non-emergency circumstances.
As stated in Finley v. North Assur. Co. of America, 476 So.2d 837 (La.App. 2d Cir.1985):
There is no test or rule by which the extent of the duty may be determined. Instead, scope of duty questions are to be resolved by inquiring into the purpose of the rule and into whether the particular plaintiff is among those persons the rule was designed or intended to protect. The inquiry has become established or known as the duty/risk analysis, of which foreseeability is but one factor, not necessarily controlling. The analysis is merely an analytical technique to be employed in an area of the law that requires careful reasoning and articulation, and is not itself a rule or test. See: Law Review articles cited, supra, and Johnson, Comparative Negligence and the Duty Risk Analysis, 40 La.L.Rev. 319 (1980).
In Hill v. Lundin & Associates, Inc., supra, the court quoted with approval from Malone, Ruminations on Cause-In-Fact, 9 Stanford L.Rev. 60, 73 (1956):
All rules of conduct, irrespective of whether they are the product of a legislature or a part of the fabric of the court-made law of negligence, exist for purposes. They are designed to protect some persons under some circumstances against some risks. Seldom does a rule protect every victim against every risk that may befall him, merely because it is shown that the violation of the rule played a part in producing the injury. The task of defining the proper reach or thrust of a rule in its policy aspects is one that must be undertaken by the court in each case as it arises....
The injury suffered by plaintiff did not fall within the scope of protection afforded by the motorist’s duty. The rule of law requiring motorists to maintain proper control of their vehicles was designed to protect pedestrians, motorists, and property which are damaged upon the immediate occurrence of the breach of the *1092 duty or by reason of any continuing hazard presented by the occurrence of the breach of duty. The rule is not designed to protect those who may later come along and voluntarily aid a motorist in removing his vehicle from a ditch when no hazard exists.
Three cases cited by defendant are closely analogous in that they each involve a volunteer or rescuer.
In LeBlanc v. Wall, 430 So.2d 1130 (La. App. 1st Cir.1983), the plaintiff was injured when he voluntarily and without request attempted to rescue a cat from a tree. The plaintiff had climbed a ladder in an attempt to catch the cat by the collar by using a metal pole. After failing to catch the cat, the plaintiff descended the ladder and, in the process, tilted the pole which he was holding against an exposed electrical wire owned by a local utility company. As a result of the pole’s contact with the wire, the plaintiff was thrown to the ground, injuring his back. Both the trial court and the court of appeal found that neither the owners of the cat and the property nor the electric company owed a duty to the plaintiff to protect him from his own actions under these circumstances.
In Gary v. Lopez, 460 So.2d 748 (La.App. 3d Cir.1984), plaintiff, a passing motorist acting on his own accord, stopped and attempted to control a fire at an unoccupied dwelling. The plaintiff’s right wrist was cut by broken glass as he attempted to control the fire. Both the trial court and the court of appeal found that the defendant-property owner did not breach a duty owed to a motorist passing by and that the land owner was not liable under the rescuer doctrine, usually applicable as a defense to liability, since the plaintiff had voluntarily entered the land in an attempt to control the fire.
In Snider v. Pagragan, 480 So.2d 1053 (La.App. 5th Cir.1985), the court found no breach of duty by a property owner when a non-motorist was injured in attempting to aid the driver of a pick-up truck extricate his vehicle from a pipe located on defendant’s property. The court found that although the pipe constituted a hazard to motor ve-hieles, the pipe could not reasonably be held to have constituted a hazard to a non-motorist injured in attempting to extricate a vehicle from the pipe. The court found that the property owner is under a duty not to maintain a post on the edge of his property which is dangerous to traffic; however, it was the court’s opinion that the scope of that duty simply does not encompass the risk that a third party might be injured in trying to free a vehicle which is caught on the post, absent allegations of an emergency.
We likewise find that the injuries suffered by plaintiff in the present case did not fall within the scope of protection afforded by the motorist’s duty. Hodges’ careless driving cannot reasonably be held to have constituted a hazard to a person who later voluntarily attempted to extricate the vehicle from a ditch under non-emergency circumstances.
For the foregoing reasons, the judgment of the district court is affirmed at appellant’s cost.
AFFIRMED.