SEXTON, Judge.
The plaintiff, Vennie Oliveaux, appeals the trial court judgment which denied her claim for damages for injuries she sustained in attempting to extinguish a fire. We affirm.
FACTS
On January, 3, 1986, a kitchen fire occurred at the trailer residence of Johnny Sanders and his wife, Dorothy. The fire started at the kitchen stove, where Mrs. Sanders had apparently left two skillets of grease on electric burners. It is believed that Mrs. Sanders, who was going to fry fish and potatoes, forgot to turn off the electric burners before she walked out of the trailer for some unknown period of time in order to look for her husband. Evidently, the heat from those burners caused the grease to heat to the point of ignition.
Mrs. Sanders was outside the plaintiffs trailer when she became aware that her trailer was on fire. She ran inside the plaintiffs trailer to call the fire department. The plaintiff, her daughter and her niece ran to the burning trailer. They were met outside by Mr. Oliveaux who told them not to enter the trailer. All three women ignored the warning and entered the trailer. While the women were inside, both Mr. and Mrs. Sanders shouted several times to them, telling them to get out, but the plaintiff and her companions ignored these warnings. Once inside, the three women saw fire and smoke coming from the stove where the two skillets were located. They tried to put out the fire by beating the flames with dish towels and by pouring salt on the flames. When these actions did not work, the plaintiff and her niece each carried a hot skillet out of the trailer. The niece was able to set her skillet outside the trailer without incident. Unfortunately, the plaintiff splashed some grease on her pants leg. As a result, she sustained first and second degree burns to her leg.
The plaintiff then filed this suit against Johnny Sanders and his homeowner’s liability insurer, Foremost Insurance Company, claiming that she was injured as a result of Mr. Sanders’ negligence. The trial court rendered judgment in favor of the defendants. The trial court stated in its written reasons for judgment that Mrs. Sanders’ action or inaction was not a legal or proximate cause of the plaintiff's injury. The court found that the plaintiff voluntarily entered the burning residence despite repeated warnings, voluntarily exposed herself to a likelihood of injury, and voluntarily picked up a container of hot grease to dispose of it. The court concluded that the plaintiff’s injuries occurred solely because of the careless and thoughtless manner in which the plaintiff sought to dispose of the grease.
Applying the duty-risk analysis to this case, we find that Mr. and Mrs. Sanders owed no duty to protect the plaintiff against the risk she encountered[1]. The first inquiry under the duty-risk analysis is whether the tort-feasor’s conduct was a *1036 cause in fact of the plaintiff’s harm. Once it is established that the tort-feasor’s conduct is a cause in fact of the plaintiff’s injury, the court must then determine whether the tort-feasor breached a legal duty imposed to protect against the particular risk involved. Hill v. Lundin, 260 La. 542, 256 So.2d 620 (1972).
Obviously, if Mrs. Sanders had not left the skillets unattended, the fire which caused the plaintiff’s injuries would not have occurred. Mrs. Sanders’ conduct therefore was a cause in fact of the plaintiff’s injury.
In the present case, the plaintiff entered a burning trailer to put out the fire. No one’s life was at risk since there was no one in the trailer. The plaintiff was aware that no one was in the trailer. Although the plaintiff claims that she was attempting to put out the fire in order to save her own trailer which allegedly was close to the burning trailer, that seems unlikely. She testified that the Sanders’ trailer was “a stone’s throw” from her trailer and that the trailers were within “hollering” range of one another.
The plaintiff's husband warned her and the other two women not to enter the trailer. After the plaintiff entered the trailer, Mr. and Mrs. Sanders shouted at her to leave the trailer. Even if she could not hear these warnings, as she claimed, the danger of the situation should have been obvious. There was smoke in the living room and the kitchen. The kitchen cabinets were on fire. There was smoke and fire coming from the stove where the skillets were located.
The plaintiff and her niece removed the skillets because they thought the skillets were contributing to the fire. The plaintiff knew that the skillet she picked up was hot and that it contained hot grease.
The risk encountered by the plaintiff which caused her harm was of her own making. She voluntarily entered the trailer and removed the skillet of hot grease. Mrs. Sanders could not have reasonably anticipated that the plaintiff would attempt to put out a fire which did not endanger the life of anyone or threaten to destroy any property belonging to the plaintiff. We find that Mr. and Mrs. Sanders were under no duty to protect this plaintiff from the risk which gave rise to her injuries.
The Third Circuit reached the same conclusion in a case with similar facts. In Gary v. Lopez, 460 So.2d 748 (La.App. 3d Cir.1984), the plaintiff was injured as he attempted to control a fire at an unoccupied dwelling owned by the defendant. The plaintiff saw the fire as he was travel-ling by in his automobile. The Third Circuit adopted the trial court opinion which found that the plaintiff had acted voluntarily in attempting to put out the fire. The court found that the owner owed no duty to the plaintiff, a passing motorist, to protect the motorist against injury from the fire.
Like the passing motorist in Gary, the plaintiff in the present case was in no danger from the fact that the trailer was on fire. In addition, the fire was obvious to her. Despite this situation, she voluntarily entered the trailer. Under these circumstances, Mr. and Mrs. Sanders did not owe a duty to protect the plaintiff from the injury she incurred.
The trial court judgment is affirmed at appellant’s cost.
AFFIRMED.

. Because we dispose of this case on these grounds, we do not reach the issue of whether the suit against Mr. Sanders should be dismissed on the grounds that the only party against whom any negligence was attributable, Mrs. Sanders, was not made a defendant in the lawsuit.