LeBLANC, Judge.
This appeal arises from a personal injury suit filed by plaintiff, Lawrence Joseph, against the State of Louisiana, Department of Transportation and Development[1] (DOTD). During February of 1985, Louisiana Highway 1 was under construction, pursuant to a DOTD construction project which was being performed by Barber Brothers Contracting Company, Inc. (Barber). The project involved reconstruction of the then existing two-lane highway into a five-lane highway (four travel lanes and a turn lane). This work required excavation of the area on each side of the existing two lane highway so that new outside lanes could be constructed. The project also required that after the outside lanes were completed, the inside lanes (existing roadway) were to be excavated and then reconstructed. At the beginning of this project, a portion of the existing two-lane highway was cut, leaving twenty-four feet of existing highway for public travel during construction of the outer lanes. Since the area in which this work was being performed was adjacent to commercial and residential properties, Barber was required to construct temporary ramps over the excavated area to afford Highway 1 travelers with a means of ingress and egress to these properties. (The ramps were perpendicular to Highway 1). After the highway was cut and before the outside lanes were constructed, pieces of broken concrete and asphalt (composition of the existing roadway) remained in the excavated area near the inner lanes that were used for travel.
On February 15, 1985, Mrs. Lealia Mae Ennis utilized one of the temporary ramps to enter a shopping center parking lot which was located off of Highway 1. After shopping, she attempted to exit the parking lot using the same ramp. However, while maneuvering a right turn onto the highway, the right rear wheel of Mrs. Ennis’ car fell off the ramp into the excavated area. Traffic was blocked and police officers arrived shortly after to direct traffic. Mrs. Ennis tried to free her car but was unsuccessful. Approximately twenty to twenty-five minutes later, plaintiff and two other men, who witnessed Mrs. Ennis’ predicament, volunteered to help raise or push the car out of the excavated area. Plaintiff positioned himself behind the right rear bumper of the car. As the men pushed, Mrs. Ennis accelerated the car and it moved forward out of the excavation onto the highway. However, as the car moved onto the highway, the rear wheel flung a piece of concrete back towards plaintiff, hitting him in the knee. As a result, plaintiff’s knee was seriously injured.
*896 In written reasons for judgment, the trial court ruled in plaintiffs favor, finding that the temporary ramp used by Mrs. Ennis was in DOTD’s custody, that it was defective and that the defect in the ramp was the cause of plaintiffs injuries. Based on these reasons, the trial court determined that DOTD and Barber were one hundred percent (100%) at fault for plaintiffs damages. Judgment was rendered in favor of plaintiff and against DOTD for $279,-326.02.[2] DOTD appeals, contending that the trial court erred in finding DOTD to be liable for plaintiffs injuries.
We must assess DOTD's potential liability under theories of negligence (La. C.C. art. 2315) and strict liability (La.C.C. art. 2317). DOTD may be liable for negligence if it is actually or constructively aware of a hazardous condition or defect and fails to take corrective action within a reasonable time. DOTD may also be strictly liable if it is the.custodian of a defective highway or shoulder which presents an unreasonable risk of harm to travelers. Humphries v. La. Dept. of Public Works, 545 So.2d 610 (La.App. 3d Cir.), writ denied, 548 So.2d 1249 (1989). The distinction between recovery under these two theories is that under strict liability, the plaintiff is not required to prove that the owner or custodian of the thing which caused the damage knew or should have known of the risk. Kent v. Gulf States Utilities Co., 418 So.2d 493 (La.1982). Although the basis for determining the existence of the duty is different in art. 2317 strict liability cases and in art. 2315 negligence cases, the duty that arises is the same. Kent v. Gulf States Utilities, Id. In each instance, DOTD has a duty to maintain the State’s highways and shoulders in a reasonably safe condition. Manasco v. Poplus, 530 So.2d 548 (La.1988).
In the present case, we find the injury suffered by plaintiff did not fall within the ambit of the protection afforded by DOTD’s duty to maintain the State’s highways and shoulders in a reasonably safe condition. The scope of that duty simply does not encompass the remote risk that a person not travelling on the highway might be injured in trying to free a vehicle which has partially fallen off the edge of a roadway. See, Snider v. Pagragan, 480 So.2d 1053 (La.App. 5th Cir.1985), writ denied, 481 So.2d 1355 (1986).
Accordingly, the judgment of the trial court is reversed and plaintiff’s suit is dismissed. All trial and appeal costs are assessed against plaintiff.
REVERSED AND RENDERED.

. Suit was also filed against several other parties, who have since been dismissed from the case due to the settlement of plaintiff’s claims against them.

. This award included plaintiffs past and future medical expenses, general damages and future loss of wages.