490 So.2d 772 (1986)
Dalton DOMINGUE, Plaintiff-Appellant,
v.
STATE of Louisiana DEPARTMENT OF PUBLIC SAFETY, et al, Defendants-Appellees.
No. 85-803.
Court of Appeal of Louisiana, Third Circuit.
June 25, 1986.
*773 Privat & Regan, Thomas K. Regan, Crowley, for plaintiff-appellant.
Pugh & Boudreaux, Charles J. Boudreaux, Jr., Lafayette, for defendants-appellees.
Before GUIDRY, DOUCET and MANSOUR[*], JJ.
DOUCET, Judge.
The plaintiff-appellant seeks damages for injuries received when a tire he was changing exploded.
*774 The trial judge made the following factual findings, which are not disputed by the appellant:
"... [O]n June 3rd, 1981, in Acadia Parish, Louisiana, the Defendant William Breaux, an employee of the State of Louisiana working for the State Police, requisitioned four (4) tires to be put on the vehicle which he was using in the course and scope of his employment, being two (2) mud-grip tires for his pickup truck and two (2) regular tires for his trailer. These tires were obtained from the State warehouse in Baton Rouge. He then took these tires to Manuel's Truck Stop, which was operated as a partnership by the plaintiff and his partner, Jimmy Humble.
Upon arriving at the truck stop in Acadia Parish, he informed Robert Guidry, an employee of the plaintiff, that he wanted these four (4) tires mounted on his truck and trailer. He instructed Robert Guidry to put the mud-grip tires on the pickup truck, telling him to put one (1) of the new mud-grip tires on the spare rim which was in the truck, and after this was done, to place it on the truck. Afterwards, Mr. Guidry was to take the best of the two (2) old tires from the truck and make a spare out of that, and then place the other mud-grip new tire on the truck.
Robert Guidry, who has had ten (10) to twelve (12) years of experience in changing tires, attempted to replace one (1) of the mud-grip tires, as instructed, first by using a tire-changing machine which was regularly used by the plaintiff. He was able to put the tire on the rim, but he was unable to inflate the tire. After attempting to do so and being unsuccessful, he then took the tire out of the machine, laid it on the ground, and attempted to inflate it by using another method, that of using a chain. This method was also unsuccessful, and he was not able to inflate the tire at that time.
Since he was having trouble, the plaintiff noticed that he was not able to inflate the tire; and because they were busy at the truck stop at that time, he told his employee, Mr. Guidry, to put the tire back on the tire-changing machine and that he would finish the job.
After the tire was placed in the machine, the plaintiff attempted to inflate the tire once again; but the Court finds that before he had finished inflating the tire, that he removed the safety cone nut which secured the tire in the machine, and that after he had placed forty (40) pounds of air in the tire and while he had his right arm extended over the tire without the safety cone nut being in place, the tire exploded and he sustained serious injury to his right arm, his wrist, and his ribs.
The Court further finds that the size of the new tire which exploded was too small for the rim upon which it was being mounted; and that in the Court's opinion, that is the reason for the explosion once the plaintiff began to inflate it.
The Court also finds that the plaintiff was experienced in changing tires, and that he knew of the danger of inflating a smaller tire on an improper or larger rim; but at no time did the plaintiff, nor his employee Mr. Guidry, ever check the size of the tire to determine that fact."
[After his injury the plaintiff rather easily ascertained the size of the exploded tire by looking at the outer side of the tire, which had been uppermost during the effort to change and inflate the tire.]
"The Court also finds that had the plaintiff not removed the safety cone nut, that the explosion would not have resulted in his injury, since the tire would have been secured."
The court found no negligence on the part of Officer Breaux, but found that the State was negligent in furnishing an improper size tire. However, the trial court found that ultimately the plaintiff caused his own injury through his failure to determine the size of the tire by removing the safety cone nut and by holding his arm over the tire to plug the stem. Accordingly, the court attributed 100% of the *775 fault to the plaintiff. In a cause of action based on negligence, the plaintiff must establish fault on the part of the defendant by showing that there is a duty owed by the defendant to the plaintiff, that there was a breach of the duty, and that the breach of duty is a cause-in-fact of damages suffered by the plaintiff. King v. Commercial Union Ins. Co., 425 So.2d 358 (La.App. 3rd Cir.1982) writ denied, 429 So.2d 146 (La.1983).
The State, in functioning as a supplier of tires to its State Troopers, took upon itself a duty to accurately fill the requests for tires made by those officers. That duty must encompass the possibility of accidents caused by an incorrect size of tire being supplied.
A breach of duty will be a cause-in-fact of the harm if it is a substantial factor in bringing about the harm. It need not however, be the sole cause contributing to it. Kalmn, Inc., v. Empiregas Corp., 406 So.2d 276 (La.App. 3rd Cir.1981); Bodoin v. Daigle, 452 So.2d 828 (La.App. 3rd Cir. 1984) writ denied 458 So.2d 485 (La.1984); Dixie Drive It Yourself System New Orleans Co., Inc. v. American Beverage Co., 242 La. 471, 137 So.2d 298 (1962).
Here the trial judge seems to have found the plaintiff's fault to have been an intervening cause of the injury. An initial tortfeaser will not be relieved of the consequences of his negligence unless the intervening cause superceded the original negligence and alone produced the injury. If the original tortfeaser could or should reasonably foresee the accident that might occur, he would be liable notwithstanding the intervening cause. Waggenspack v. New Orleans Public Service, Inc., 297 So.2d 733 (La.App. 4th Cir.1974) writ denied, 302 So.2d 15 (La.1974). We believe that the accident which occurred here was a reasonably foreseeable result of the State of Louisiana's action in supplying the wrong size tire. While the plaintiff was contributorily negligent in that his conduct did fall below the standard to which a reasonable person would conform for his own protection, under similar circumstances it cannot be said that this negligence was the sole cause of the injury. Cambridge Mutual Fire Insurance Co. v. State Farm Fire & Casualty Co., 405 So.2d 587 (La.App. 3rd Cir.1981). The plaintiff's negligence would not have resulted in the injury but for the fact that the State supplied the wrong size tire. As a result, we find that the breach of duty on the part of the State was a substantial factor in bringing about the harm and as such was a cause in fact of the injury. Consequently, we find that the judge erred in allocating 100% of the fault to the plaintiff. Applying a comparative fault standard, we believe a proper allocation of fault is 20% to the defendant, the State of Louisiana, and 80% to the plaintiff. The plaintiff further asserts that the trial judge erred in excluding from evidence certain documents and testimony which, he asserts, would prove a loss of income resulting from the injury. A review of the record reveals that the documents supporting the lost income testimony were repeatedly requested by the defendant through discovery motions. These requests were never complied with, and the defendants were denied an opportunity to prepare a defense. As a result, the trial court correctly excluded this evidence.
We find the plaintiff to have been damaged in the following amounts:

$100,000 in general damages
 8,117 in medical expenses
________
$108,117 Total Award

We affirm the trial court's finding of no negligence on the part of Officer Breaux. There is sufficient evidence to support a finding that Officer Breaux correctly supplied the tire sizes to the requisitioning authority. Having no knowledge of tires, he had a right to rely on his employer, the State, to accurately fill his request, in fulfillment of the duty discussed above. As a result, there was no breach of a duty owed by Officer Breaux to the plaintiff.
For the above and foregoing reasons, the judgment of the trial court is affirmed in part, reversed in part and recast to read as follows: Judgment is rendered in favor of *776 the plaintiff in the amount of $108,117.00 however, this amount is reduced by 80% to reflect the contributory negligence of the plaintiff. Costs of this appeal are assessed against the defendant.
AFFIRMED IN PART, REVERSED IN PART, AND RECAST.
NOTES
[*] Judge Alfred A. Mansour of the Ninth Judicial District Court participated in this decision by appointment of the Louisiana Supreme Court.