ItBROWN, C.J.,
Dissenting.
This case involved a chain of three successive accidents. Late at night, Egan was driving east on the Shreveport-Blanchard Road when his trailer axle broke. He pulled completely off the road and left the trailer. McGinty, also traveling east, negligently passed on the right and hit the trailer. Johnson then struck the McGinty vehicle from the rear. The police arrived and attempted to prevent further accidents by blocking eastbound traffic north of the accident site with a cruiser. The third accident, which is the subject of this lawsuit, occurred when the police cruiser was struck by an eastbound vehicle. This driver was killed and his wife and child sued the City of Shreveport, McGinty, Johnson, and their insurers.
The trial court granted summary judgment in favor of McGinty and Johnson, leaving the city (police) as the sole defendant. Both plaintiffs and the city have appealed.
The facts of this case are similar to those in Mendoza v. Mashburn, 99-499 (La.App. 5th Cir.11/10/99), 747 So.2d 1159, units not considered, 00-0040, 00-0043 (La.02/18/00), 754 So.2d 957, unit denied, 00-0037 (La.02/18/00), 754 So.2d 976. In that case, Mashburn had a one-car accident on I — 10. His vehicle was then struck by another car. The state police arrived and used a cruiser to block traffic. Thereafter, two speeding motorcyclists, the plaintiffs, crashed into other vehicles that were stopped behind the trooper’s vehicle. The jury found the driver of the first vehicle, Mashburn, to be 25% at fault and the speeding plaintiffs to be 75% at fault. The trial court granted JNOV, finding plaintiffs to be 50% at fault and the Instate to be 50% at fault. The court found no fault on the part of the first vehicle. The appellate court reversed and reinstated the jury’s verdict, finding that:
... Mashburn was negligent and his negligence set the entire chain of subsequent events into motion. An initial tortfeaser will not be relieved of the consequences of his negligence unless the intervening cause superceded the original negligence and alone produced the injury. Domingue v. State Dept, of Public Safety, 490 So.2d 772 (La.App. 3d Cir.1986). If the original tortfeasor could or should reasonably foresee the accident that might occur, he would be liable notwithstanding the intervening cause. Domingue, supra. It was entirely foreseeable that losing control of a vehicle, crashing into a guardrail at the foot of an overpass and obstructing traffic on an interstate highway would result in accidents by following, even speeding, vehicles.
Obviously, the defendant cannot be relieved from liability by the fact that the risk, or a substantial and important part of the risk, to which he has subjected the plaintiff has indeed come to pass. Foreseeable intervening forces are within the scope of the original risk, and hence of the defendant’s negligence.... Miller v. Louisiana Gas Service Co., 601 So.2d 700, 705 (La.App. 5th Cir.1992), citing W. Prosser, Law of Torts (4th ed.1971) at 273-4, 288. The motorcyclists’ injuries would not have occurred but for the initial accident caused by defendant Mashburn.
Mendoza, supra at 1168-69.
As found by the majority, the first accident occurred when McGinty negligently passed on the shoulder of the road and hit the disabled trailer. The majority also found that Johnson negligently struck McGinty. The officers arrived and attempted to prevent further accidents by blocking the road with a cruiser.
The presence of the police was necessary and foreseeable. The arrival of the *82 Shreveport Police Officers at the scene does not exonerate McGinty and Johnson from the obvious and foreseeable consequences of latheir negligence. Foreseeable intervening forces are within the scope of the original risk. The risk of further accidents due to McGinty’s and Johnson’s negligence continued until the accident scene was cleared and normal traffic resumed.
It is for the factfinder to assess fault — • including that of the decedent who was driving the vehicle that crashed into the police cruiser. Dumas v. State, 02-0563 (La.10/15/02), 828 So.2d 530. Summary judgment was inappropriate as material issues of fact remain outstanding.
APPLICATION FOR REHEARÍNG
Before BROWN, WILLIAMS, STEWART, MOORE, and LOLLEY, JJ.
Rehearing denied.
BROWN, C.J., and LOLLEY, J., would grant rehearing.