# STATE OF LOUISIANA

## COURT OF APPEAL, THIRD CIRCUIT

### 09-1183

**DUPRE & SON FLOOR COVERING, INC., ET AL.**

**VERSUS**

**CITY OF IOTA, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2008-10015
HONORABLE THOMAS R. DUPLANTIER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHANNON J. GREMILLION
JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of, James T. Genovese, Shannon J. Gremillion, and David E. Chatelain,[1] Judges.

Genovese, J., concurs in the result.

Chatelain, J., concurs in the result and assigns written reasons.

**AFFIRMED.**

**John Fayne Wilkes, III
Joy C. Rabalais
Borne & Wilkes, L.L.P
P. O. Box 4305
Lafayette, LA 70502-4305
(337) 232-1604
Counsel for Defendant/Appellee:
City of Iota**

---

[1] Honorable David E. Chatalain participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore

**Jacque Berchmans Pucheu, Jr.**
**Pucheu, Pucheu & Robinson**
**P.O. Box 1109**
**Eunice, LA 70535-1109**
**(337) 457-9075**
**Counsel for Plaintiffs/Appellants:**
**Dupre & Son Floor Covering, Inc.**
**Henry Dupre**

**Michael Howard Landry**
**Attorney at Law**
**P. O. Box 1368**
**Crowley, LA 70527-1368**
**(337) 788-1850**
**Counsel for Defendant:**
**The Vacant Succession of EricAtchison**

**GREMILLION, Judge.**

Henry Dupre and Dupre & Son Floor Covering, Inc. (Dupre), appeal the judgment rendered in favor of the Town of Iota (Iota)[2], dismissing their demands in tort. We affirm for the reasons that follow.

## FACTS

On December 27, 2006, Eric Atchison was pulled over by Reserve Officer Christopher Short of the City of Iota Police Department for running a stop sign in front of the Iota police station. Officer Short and a fellow officer, Michael Miller, determined that Atchison was uninsured and driving under suspension. Officer Miller contacted the dispatcher of the Acadia Parish Sheriff's office and was able to determine that there was no record of Atchison being insured. One of Atchison's relatives attempted to have a youngster remove Atchison's vehicle, but the youngster was unable to produce a valid driver's license. Miller took possession of Atchison's license plate and issued a three-day temporary sticker, also known as a "green sticker." Atchison received several citations and phoned a friend, who drove his 1993 Chevrolet Silverado pickup from the scene after producing a valid driver's license.

On January 5, 2007, Atchison, operating the same truck, crossed the center line of Louisiana Highway 755 and collided with the Ford Expedition operated by Dupre. As a result of the collision, Dupre alleges he was injured. Atchison was killed in the collision.

Dupre filed suit against Iota and Atchison's unopened succession. He alleged the town's fault arose from the failure to impound Atchison's vehicle, in violation of La.R.S. 32:863.1. Iota answered, alleging that the failure to impound Atchison's vehicle was not a cause-in-fact of Dupre's loss.

---

[2] Plaintiffs named the "City of Iota" as defendant. Iota answered as the "Town of Iota."

1

Following discovery, Iota filed a motion for summary judgment in which it asserted that La.R.S. 32:863.1(C) grants discretion to the officer to seize the vehicle's license plate and allow the uninsured motorist to remove his vehicle under certain circumstances such as the driver's handicap, or the location or time of the stop. Therefore, Iota contended, the officers and town were immune pursuant to La.R.S. 9:2798.1, which immunizes public entities and their officers or employees from liability arising from the exercise of policymaking or discretionary functions, except when those functions are not reasonably related to a legitimate governmental objective or to criminal, fraudulent, malicious, intentional, willful, outrageous, reckless, or flagrant misconduct. Further, Iota argued, even if the statute allows no discretion, the failure of the officers to impound the vehicle was not a cause-in-fact of the accident, as Atchison could just as easily have been driving another vehicle.

Dupre responded that La.R.S. 9:2798.1 does not apply because the statute prescribes narrow exceptions to the mandate that vehicles be impounded. Absent the immunity granted by section 2798.1, Iota's conduct must be judged under the duty-risk analysis applicable to all tort actions. The duty of Iota, Dupre argues, is to impound the vehicle to prevent uninsured motorists from posing a threat to the general public. In failing to impound the vehicle, Iota breached that duty. If the harm encountered by Dupre was within the protection of section 863.1, cause-in-fact is established.

Iota's motion for summary judgment was heard on April 6, 2009. Oral reasons for judgment in favor of Iota were then given. The trial court found that section 863.1 does allow discretion on the part of the police officer. Further, cause-in-fact was not established because removing the vehicle from the roads did not remove Atchison

2

from the roads.  Lastly, the nature of the section is punitive.  Therefore, the trial court found Dupre did not fall within the scope of the protection of the duty imposed by the statute.

## ANALYSIS

Any review of summary judgments begins with the proposition that they are subject to de novo review. *Schroeder v. Bd. of Sup'rs. of La. State Univ.*, 591 So.2d 342 (La.1991).  That is, the court of appeal reviews summary judgments by the same standards as does the trial court.  Summary judgment is governed by La.Code Civ.P. arts. 966 and 967.  Article 966, as amended by Act 483 of 1997, provides that while the burden of proving entitlement to summary judgment rests with the mover, if the mover will not bear the burden of proof at trial on the matter that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential facts of the adverse party's claim, action, or defense, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. La.Code Civ.P. art. 966(C)(2).  Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact. *Hardy v. Bowie*, 98-2821 (La. 9/8/99), 744 So.2d 606.

We need not determine that Iota is immune *and* that Iota negated one or more of the essential elements of tort; for Iota to prevail, we need only find that it is immune *or* that the essential elements of tort have been negated.  We choose to focus our attention on the tort elements of Dupre's claim.

3

The Louisiana Supreme Court has provided the analytical framework for actions such as this:

> [I]n order for liability to attach under a duty/risk analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his or her conduct to a specific standard of care (the duty element); (2) the defendant failed to conform his or her conduct to the appropriate standard (the breach of duty element); (3) the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and, (5) actual damages (the damages element).

*Rando v. Anco Insulations, Inc.*, 08-1163, 08-1169, pp. 26-7 (La. 5/22/09), 16 So.3d 1065, 1086.

Whether a duty is owed is a legal question. *Id.* The supreme court has stated that the inquiry initially asks whether the plaintiff can cite *any* law, either legislative or jurisprudential, to support his claim that the defendant owed him a duty. *Id.* Here, Dupre cites La.R.S. 32:863.1 in support of his claim. The law recognizes that Iota has a duty to impound vehicles that do not contain one of four prescribed documents demonstrating liability insurance, bonding, or qualified self-insurance. La.R.S. 32:861.

Officers Miller and Short did not impound the vehicle. Therefore, a breach of the duty to impound was demonstrated by Dupre.

Cause-in-fact is, by definition, a question of fact. To determine whether cause-in-fact is established, courts ask whether a defendant's conduct was a substantial factor generating plaintiff's harm. *Rando*, 16 So.3d 1065. There can be more than one cause-in-fact of an accident, as long as each bears a proximate relation to the harm and each is substantial in nature. *Id*.

In the present matter, Officers Short and Miller seized the license plate, issued

4

a green sticker, and refused to allow Atchison to remove the vehicle from the scene of the stop. They further refused to allow the vehicle to be released to just anyone, but required a seemingly responsible adult to remove the vehicle from the scene. They were not authorized by La.R.S. 32:863.1 to prevent Atchison from, at some future point, operating a motor vehicle. They did prevent him from operating the vehicle at that point. Additionally, they advised Atchison that he was obligated to obtain insurance within three days. The accident occurred nine days after the stop, during which time Atchison had ample opportunity to get the vehicle insured. Lastly, it was not the vehicle that posed the danger to Dupre; it was the driver. Given these circumstances, we find that it was not reasonably foreseeable that Atchison would cross the center line of the highway and strike Dupre. In that regard, Atchison's negligence is an intervening cause that superceded any breach of duty by Iota. *See Adams v. Rhodia, Inc.*, 07-2110 (La. 5/21/08), 983 So.2d 798. We agree with the trial court that the failure to impound the vehicle was not a substantial factor in the accident.

Further, and assuming *arguendo* that the breach of duty was a cause-in-fact of the accident, we find that it would not represent the legal cause of the accident. Legal cause determinations are not matters of fact, but of law. *Rando*, 16 So.3d 1065. Whether a defendant's conduct constitutes the legal cause of injury results from inquiring into whether the injury was foreseeable and whether there is a natural ease of association between the conduct and the harm. *Id.* For the reasons we enunciated above, regarding the nature of Atchison's fault as an intervening cause, and the discussion regarding foreseeability in that context, the omission of the officers to impound Atchison's vehicle was not the legal cause of Dupre's harm.

5

**CONCLUSION**

The fact that Atchison was not insured was not a necessary antecedent of Dupre's accident. It was the fact that he was operating a vehicle at all. The failure to impound his truck is too far removed from the scope of Iota's duty to constitute a substantial factor in bringing about the accident, and is neither reasonably foreseeable nor easily associated with Dupre's harm. The judgment of the trial court is affirmed. Costs of this appeal are taxed to Plaintiffs/Appellants, Henry Dupre and Dupre & Son Floor Covering, Inc.

**AFFIRMED.**

STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

09-1183

DUPRE & SON FLOOR COVERING, INC., ET AL.

VERSUS

CITY OF IOTA, ET AL.

**CHATELAIN, Judge, concurring in the result.**

I agree with the authoring judge's determination that the trial court properly granted the motion for summary judgment filed by the Town of Iota (Iota). However, I write separately because I find the opinion improperly elides the concepts of cause-in-fact and legal cause and improperly applies the concept of an intervening cause.

"[C]onduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm." *Dixie Drive It Yourself System v. American Beverage Co.*, 242 La. 471, 482, 137 So.2d 298, 302 (1962). Negligent conduct is a substantial factor if the harm would not have occurred without the conduct, i.e., but for defendant's conduct, plaintiff would not have sustained injury. *Id.* Thereby, our supreme court "equated the two concepts of substantial factor and necessary antecedent." *Rando v. Anco Insulations Inc.*, 08-1163, p. 32 (La. 5/22/09), 16 So.3d 1065, 1089 (*citing* Malone and Johnson, *Ruminations on Dixie Drive It Yourself Versus American Beverage Company*, 30 LA.L.REV. 363, 373 (1970).

Applying that test to the present case, I find that Iota's actions in allowing Atchison to retain possession of his vehicle was a cause-in-fact of this accident. Simply stated, but for Iota's failure to impound Atchison's vehicle this particular accident with this vehicle would not have happened. Notwithstanding, I do not find Iota's actions were the legal cause of this accident.

"'Cause' in legal cause [asks] whether a legal standard of care exists and requires delving into policies for and against extending the asserted legal standard of care to protect the particular plaintiff against the particular harm." *Todd v. State, Dep't of Soc. Servs., Office of Cmty. Servs.*, 96-3090, p. 6 (La. 9/9/97), 699 So.2d 35, 38. "[T]he extent of protection owed a particular plaintiff is determined on a case-to-case basis to avoid making a defendant an insurer of all persons against all harms." *Id.* at 39; *see also Roberts v. Benoit*, 605 So.2d 1032 (La.1991). There exist some instances where a risk may not be found within the scope of a duty if the circumstances of that particular injury to that plaintiff could not be reasonably foreseen or anticipated because there was no ease of association between that risk and the legal duty. *See Hill v. Lundin & Assoc., Inc.*, 260 La. 542, 256 So.2d 620 (1972).

"Regardless if stated in terms of proximate cause, legal cause, or duty, the scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty." *Roberts*, 605 So.2d at 1044. "The scope of protection inquiry asks whether the enunciated rule extends to or is intended to protect this plaintiff from this type of harm arising in this manner." *Faucheaux v. Terrebonne Consol. Gov't*, 615 So.2d 289, 294 (La.1993). Although it has been stated that "the determination of legal cause involves a purely legal question," *Todd,* 699 So.2d at 39,[1] this legal determination depends on factual determinations of foreseeability and ease of association. *See Perkins v. Entergy Corp.*, 98-2081 (La.App. 1 Cir. 12/28/99), 756 So.2d 388, 410, *aff'd*, 00-1372 (La. 3/23/01), 782 So.2d 606 (*superseded by statute on other grounds*).

---

[1]For an excellent discussion of whether legal cause is purely a question of law see Justice Weimer's appellate court opinion in *Perkins v. Entergy Corp.*, 98-2081 (La.App. 1 Cir. 12/28/99), 756 So.2d 388, 410, n.52, *aff'd*, 00-1372 (La. 3/23/01), 782 So.2d 606.

In the present case, the plaintiffs' injuries could neither be reasonably foreseen nor anticipated because there was no ease of association between that risk and the legal duty. Although Iota's initial inaction may have been a cause-in-fact of the accident, it was impossible and unreasonable to require Iota to anticipate that Atchison would attempt to drive a vehicle, whether his uninsured vehicle or any other one, and get into an automobile accident nine days after the initial traffic stop. Simply stated, the impoundment of the vehicle would only have prevented Atchison from driving that particular truck; it would not have prevented him from driving at all. Accordingly, I do not find that the failure of Iota to impound Atchison's vehicle was the legal cause of this accident because the failure to impound his truck was too far removed from the scope of Iota's duty.

I write further to comment on intervening cause and to indicate that I do not think it is applicable in the present case. It is well-established that an intervening cause is one which comes into play *after* the defendant's negligent conduct has ceased but before the plaintiff suffers injury. RESTATEMENT (SECOND) OF TORTS § 440 (1965); 1 DAN B. DOBBS, THE LAW OF TORTS § 186 2001. In situations where an intervening force comes into play to produce the plaintiff's injury (or more than one cause of an accident), it has generally been held that the "initial tortfeasor will not be relieved of the consequences of his or her negligence unless [the] intervening cause superceded the original negligence and alone produced the injury." *Arcadian Corp. v. Olin Corp.*, 01-1060, p. 12 (La.App. 3 Cir. 5/8/02), 824 So.2d 396, 405, *writ denied*, 02-1930 (La.10/25/02), 827 So.2d 1174; *Mendoza v. Mashburn*, 99-499, 99-500, p. 16 (La.App. 5 Cir. 11/10/99), 747 So.2d 1159, 1168, *writs denied*, 00-37, 00-40, 00-43 (La. 2/18/00), 754 So.2d 976, 957; *Domingue v. State Dep't of Public Safety*, 490 So.2d 772 (La.App. 3 Cir. 1986).

As I appreciate the concept of intervening cause, a *sine qua non* for its application is a finding that the defendant is first found negligent. In the present case, I do not find that Iota was negligent because Iota's failure to impound Atchison's vehicle was not the legal cause of the accident. Therefore, there being no underlying negligence on Iota's part, there cannot be an intervening cause.