CHATELAIN, Judge,
concurring in the result.
hi agree with the authoring judge’s determination that the trial court properly granted the motion for summary judgment filed by the Town of Iota (Iota). However, I write separately because I find the opinion improperly elides the concepts of cause-in-fact and legal cause and improperly applies the concept of an intervening cause.
“[Cjonduct is a cause-in-fact of harm to another if it was a substantial factor in bringing about that harm.” Dixie Drive It Yourself System v. American Beverage Co., 242 La. 471, 482, 137 So.2d 298, 302 (1962). Negligent conduct is a substantial factor if the harm would not have occurred without the conduct, i.e., but for defendant’s conduct, plaintiff would not have sustained injury. Id. Thereby, our supreme court “equated the two concepts of substantial factor and necessary antecedent.” Rando v. Anco Insulations Inc., 08-1163, p. 32 (La.5/22/09), 16 So.3d 1065, 1089 (citing Malone and Johnson, Ruminations on Dixie Drive It Yourself Versus American Beverage Company, 30 La.L.Rev. 363, 373 (1970)).
Applying that test to the present case, I find that Iota’s actions in allowing Atchi-son to retain possession of his vehicle was a eause-in-fact of this accident. Simply stated, but for Iota’s failure to impound Atchison’s vehicle this particular accident with this vehicle would not have happened. *1122 Notwithstanding, I do not find Iota’s actions were the legal cause of this accident.
|2“ ‘Cause’ in legal cause [asks] whether a legal standard of care exists and requires delving into policies for and against extending the asserted legal standard of care to protect the particular plaintiff against the particular harm.” Todd v. State, Dep’t of Soc. Servs., Office of Cmty. Serve., 96-3090, p. 6 (La.9/9/97), 699 So.2d 35, 38. “[T]he extent of protection owed a particular plaintiff is determined on a case-to-case basis to avoid making a defendant an insurer of all persons against all harms.” Id. at 39; eee also Roberte v. Benoit, 605 So.2d 1032 (La.1991). There exist some instances where a risk may not be found within the scope of a duty if the circumstances of that particular injury to that plaintiff could not be reasonably foreseen or anticipated because there was no ease of association between that risk and the legal duty. See Hill v. Lundin & Aesoc., Inc., 260 La. 542, 256 So.2d 620 (1972).
“Regardless if stated in terms of proximate cause, legal cause, or duty, the scope of the duty inquiry is ultimately a question of policy as to whether the particular risk falls within the scope of the duty.” Roberts, 605 So.2d at 1044. “The scope of protection inquiry asks whether the enunciated rule extends to or is intended to protect this plaintiff from this type of harm arising in this manner.” Faucheaux v. Terrebonne Consol. Gov’t, 615 So.2d 289, 294 (La.1993). Although it has been stated that “the determination of legal cause involves a purely legal question,” Todd, 699 So.2d at 39,[1] this legal determination depends on factual determinations of foreseeability and ease of association. See Perkins v. Entergy Corp., 98-2081 (La.App. 1 Cir. 12/28/99), 756 So.2d 388, 410, aff'd, 00-1372 (La.3/23/01), 782 So.2d 606 (superseded by statute on other grounds).
18In the present case, the plaintiffs’ injuries could neither be reasonably foreseen nor anticipated because there was no ease of association between that risk and the legal duty. Although Iota’s initial inaction may have been a cause-in-fact of the accident, it was impossible and unreasonable to require Iota to anticipate that Atchison would attempt to drive a vehicle, whether his uninsured vehicle or any other one, and get into an automobile accident nine days after the initial traffic stop. Simply stated, the impoundment of the vehicle would only have prevented Atchison from driving that particular truck; it would not have prevented him from driving at all. Accordingly, I do not find that the failure of Iota to impound Atchison’s vehicle was the legal cause of this accident because the failure to impound his truck was too far removed from the scope of Iota’s duty.
I write further to comment on intervening cause and to indicate that I do not think it is applicable in the present case. It is well-established that an intervening cause is one which comes into play after the defendant’s negligent conduct has ceased but before the plaintiff suffers injury. Restatement (Second) of Torts § 440 (1965); 1 Dan B. Dobbs, The Law of Torts § 186 2001. In situations where an intervening force comes into play to produce the plaintiffs injury (or more than one cause of an accident), it has generally been held that the “initial tortfeasor will not be relieved of the consequences of his or her negligence unless [the] intervening cause superceded the original negligence and alone produced the injury.” Arcadian Corp. v. Olin Corp., 01-1060, p. 12 (La.App. 3 Cir. 5/8/02), 824 So.2d 396, 405, writ *1123 denied, 02-1930 (La.10/25/02), 827 So.2d 1174; Mendoza v. Mashburn, 99-499, 99-500, p. 16 (La.App. 5 Cir. 11/10/99), 747 So.2d 1159, 1168, writs denied, 00-37, 00-40, 00-43 (La.2/18/00), 754 So.2d 976, 957; Domingue v. State Dep’t of Public Safety, 490 So.2d 772 (La.App. 3 Cir.1986).
14As I appreciate the concept of intervening cause, a sine qua non for its application is a finding that the defendant is first found negligent. In the present case, I do not find that Iota was negligent because Iota’s failure to impound Atchison’s vehicle was not the legal cause of the accident. Therefore, there being no underlying negligence on Iota’s part, there cannot be an intervening cause.

. For an excellent discussion of whether legal cause is purely a question of law see Justice Weimer’s appellate court opinion in Perkins v. Entergy Corp., 98-2081 (La.App. 1 Cir. 12/28/99), 756 So.2d 388, 410, n. 52, aff'd, 00-1372 (La.3/23/01), 782 So.2d 606.